WILLIAM SCHAEFFER, Appellant, *v.* FREDERICK LOHMAN *et al.*, Respondents.

*Mechanic's Lien—Title.*—In a suit under a mechanic's lien in St. Louis county, under the act of 1857, (Acts 1856–7, p. 668,) a judgment against the contractor will bind the property, and a sale will pass the title, although the owner be not party to the record. Those not made parties to the record may impeach the regularity of the proceedings.

*Pleading—Parties.*—The owner of the building is not a *necessary* party to a suit to enforce a mechanic's lien, under the act relating to mechanics' liens in St. Louis county. (Acts 1856–7, p. 668, § 8.)

*Appeal from St. Louis Land Court.*

*A. M. & S. H. Gardner,* for appellant.

At the time of the trial of this cause in the court below, this question had never been decided in this court under our present lien law. A similar case arose, however, under the local lien law of 1843 and the general act of 1845, and is reported in 25 Mo. 559.

That case was relied upon by respondents' counsel in the court below as a precedent for this. The special act concerning mechanics' liens in St. Louis county, approved February 24, 1843, provides that "the lien for work and materials shall be preferred to all other encumbrances which may be attached to, or upon, such buildings or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements." (Sess. Acts 1843, p. 84, § 6.)

But this act did not provide the machinery for enforcing the lien, and parties were compelled to look to the general act of 1845 for the machinery. That act provides that "no execution shall issue against the property charged with such lien unless the defendant shall have owned or possessed the said property at the time of the commencement of the suit, or unless a *scire facias* shall first have issued and been served upon the owner or possessor of such property requiring him to appear and show cause why judgment should not be entered up and execution had against such property." (R. C. 1845, p. 373, § 7.)

The decision in the case above referred to was expressly based upon that section of the law. (Clark & Lemon v. Brown, 25 Mo. 559.)

But the statute under which the judgments were obtained, and the property claimed in this suit was sold, contains no such provision. The lien suits against the property in controversy here were commenced under the mechanics' lien law of 1857, specially applicable to this county. The sixth section of that act provides that "the lien for work and materials

as aforesaid shall be preferred to all other encumbrances which may be attached to or upon such buildings, bridges or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements." And the eighth section of that act provides that " in all suits under that act, the parties to the contract shall, and all other persons interested in the matter in controversy and in the property charged with the lien may, be made parties; but such as are not made parties shall not be bound by any such proceeding. (Sess. Acts 1856-7, p. 669, § 6 & 8.)

The difference between the proceedings under the lien laws of 1845 and 1857 is radical. The law of 1845 provided that " no execution against the property to which a lien had attached could issue until the persons owning the property at the commencement of the suit had an opportunity to be heard in court."

The law of 1857 entirely abolished that provision, and only required the parties to the contract, and such persons as were interested in the property at the time the lien attached, should be made parties to the suit.

But appellant's counsel submits that this case comes fully within the rule laid down by this court in the case of Hauser v. Hoffman, 32 Mo. 334, and that the principle contended for by appellant was fully established in that case.

That a mechanic or material man is not bound to file his lien against one who was not the owner at the time of the commencement of the building, but became so before the filing of the lien, is well settled in Pennsylvania,—the mechanics' lien law of that State being substantially the same as ours. (Purd. Dig. 578, § 10 ; 4 Watts & Serg. 257.)

The declaration of law as given by the court below, at the instance of defendants' counsel, was without precedent, and directly against the statute; it would not even have been correct under the law of 1845 : but surely if the Legislature had intended that no judgment could be rendered against the

property in a suit to enforce a lien unless the purchaser be made a party to the record, as declared in that instruction, it would not have failed to have stated such intention in plain words.

*E. Peacock*, for respondents.

The only point presented to the court by this case is, whether Philip G. Ferguson, the purchaser (after the materials were furnished) of the leased premises, but who so purchased, and whose deed was of record prior to the filing of the liens by Meier & Co. and William Schaeffer, can have his title divested out of him without being made a party to the record in the suit to enforce those liens.

It is contended by the respondents in this action that said Meier & Co. and William Schaeffer took nothing by their judgments on the liens. So far as the property is concerned, the judgments only have the force and operation of general judgments against said Koepper; and although the Law Commissioner's Court gave a special lien against said property, yet that part of the judgment was inoperative to take the title of Ferguson in the land out of him. Before the title of Ferguson could be affected, he must have been made a party to the suits to enforce the liens. (Clark v. Brown, 25 Mo. 559.)

Further, the mechanics' lien law of 1857, under which the lien suits aforesaid were brought, expressly state that unless the owner of the premises on which the buildings are erected is sued he shall not be bound by the proceedings to enforce liens. (Sess. Acts 1857, p. 669, § 8.)

The appellant contends that the lien reverts back to the time of furnishing materials. So it does as to the force and effect of the judgment; but this does not discharge the plaintiff in a lien suit of the obligation to make all parties in interest parties to the record so as to affect their rights. (See as above, Sess. Acts 1857, § 8.)

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment. The plaintiff claims title

under execution sales made under judgments for the enforcement of mechanics' liens.

Between the times when the work was done and materials furnished for which the liens accrued, and the time when the liens were filed, Ferguson, one of the defendants, and landlord of the others, bought the property of the former owner. Ferguson was not made a party to the proceedings for enforcing the liens.

The Land Court, in which the case was tried, declared the law to be, that, " where the owner of a building on which there is a mechanic's lien for materials furnished under a contract with himself, conveys the premises to a purchaser whose deed is duly recorded in the proper county before the filing of the lien, and before the initiation of any suit to enforce the lien, no judgment can be rendered against the property in a suit to enforce the lien unless the purchaser be made a party to the record."

Had Ferguson been made a party to the suit to enforce the lien, there is no doubt but the plaintiff would have had title as against him, (Dubois v. Wilson, 21 Mo. 213,) and this is not, in fact, disputed. The case of Clark v. Brown, 25 Mo. 559, is particularly relied on to sustain the decision of the Land Court. That case differs essentially from this. In that case, the proceeding being under the act of 1845, no judgment could be entered or execution issued except as provided in that act. The proceeding was by *scire facias*, under the eighth section of that act, which declares that " it shall be lawful for the plaintiff to proceed by *scire facias* against the original debtor, and against all and every person or persons owning or possessing the property against which he wishes to proceed ; but no judgment to be rendered on the *scire facias* shall authorize the issuing of any execution except against the property charged with said lien, or such part thereof as the court shall direct." The court held that under that section there could be no judgment without the presence of the owner on the record.

In this case, the proceedings were under the act of 1857,

(Laws 1856–7, p. 668,) the eighth section of which act is as follows: "In all suits under this act, the parties to the contract shall, and all other persons interested in the matter in controversy and in the property charged with the lien may, be made parties; but such as are not made parties shall not be bound by any such proceedings." This provision is so different from that in the law of 1845 that the decision under the former law is no precedent for this case, and we must determine the question as a new one.

The case of Hauser v. Hoffman, 32 Mo. 334, did not touch the point.

The act gives a lien from the time the materials are furnished, and that lien was subsisting at the time Ferguson became a purchaser of the property. He bought subject to it, and there is no hardship in holding him to his bargain as he made it. The single question is, does the statute make it necessary that he should be a party to the proceeding? Obviously the suit could be prosecuted to judgment and execution without his presence on the record. He could be made a party, but it was not necessary that he should be. The only necessary parties are the parties to the contract. Here the parties to the contract were parties to the record; and the judgment has all the necessary parties to make it a regular judgment under the law. Being such regular judgment, does it fail to have the only effect which the law provided it should have? The only design of the law was to secure and enforce the lien; and when its requisites have been complied with, it is scarcely possible that the final judgment should be a mere nullity, with no effect whatever. It is true, those not made parties are not bound by the judgment; that is, they may impeach its regularity, as was done in the case of Hauser v. Hoffman, mentioned above; but until so impeached, it is a valid judgment, and a sale made under it transfers the title as to all who were made parties to the record, and those claiming under them.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.