HENRY KUHLEMAN, Respondent, *v.* CHARLES SCHULER *et als.*, Appellants.

### Appeal from St. Louis Land Court.

*Mechanic's Lien—St. Louis County—Notice.*—Under the act relating to mechanics' liens in St. Louis county, (Sess. Acts 1857, p. 668,) the lien attaches in favor of the sub-contractor at the time of performing the work, or furnishing the materials; and notice required by the 18th section is to be given to the person who is the owner at that time.

This is a suit by plaintiff on mechanic's lien against Charles Schuler as contractor, and Louis Peters as owner of the house upon which the lien is claimed, under the act of February 14, 1857, applicable to St. Louis county only. The plaintiff was a dealer in hardware, and sold articles to Schuler, which Schuler used in building the house upon which the lien is claimed. The petition alleges that the house was, at the time the articles were furnished, the property of said Peters; and also, that it was his property when the petition was filed and the notice given and lien filed.

The answer admits that Peters was the owner at the time the articles were furnished, but says that, before notice was given or lien filed, said Peters had (in consideration that the land had been purchased and the house built by the money of Emily Peters, as appears by the deed) conveyed said house and land to one Ludwig, as trustee for the sole use and benefit of Emily Peters, wife of said Louis. The answer denies that Louis Peters was the owner or agent of said property at the time the notice was given, or the lien filed, or the suit brought.

The testimony proved that the articles charged were used in building the house, and that the debt was due from Schuler, the contractor; that notice was in due season given, but given to Louis Peters *as owner;* that the lien was filed in due season and form, but was filed against Louis Peters *as owner.* The notice was given on the 7th of August, 1860, and the lien filed on the 21st of August, 1860.

The deed of Peters to Ludwig, trustee of Emily Peters, was dated July 24th, and recorded August 2d, 1860. The deed was introduced in evidence by defendant. The defendant Schuler, who was introduced as a witness by the plaintiff, when recalled by the court, testified that he made the bargain to build the house with Mrs. Peters, who told him the lot was hers, and was a gift from her husband; that a contract was drawn up in the name of Louis Peters, but never signed.

The case was submitted to the court sitting as a jury, and the court gave judgment for the amount claimed against Schuler, and also against the house and land by virtue of the lien claimed.

The defendant, after the testimony was closed, asked the court to give the following instructions:

1. That unless Louis Peters was the owner of the house on the 21st of August, 1860, when the lien was filed, that no lien has been filed according to law, and the plaintiff cannot recover against the house and lot.

2. That the deed of July 24th, recorded August 2d, 1860, conveyed to Louis Ludwig all the legal interest Peters had in the house, as trustee for said Emily Peters.

3. That if it appears to the satisfaction of the court, sitting as a jury, that the contractor Schuler made the contract with Mrs. Peters, and was informed by her that it was her house and lot, no fraud or surprise was practised, and the plaintiff was bound to file his lien against the real owner of record.

4. If the lot was a gift to Mrs. Peters from her husband, it is not void against the plaintiff, because he is not a *creditor* of the defendants, and can only follow the property under the statute giving mechanics liens.

5. Unless the notice of August 7, 1860, was given to the owner of the property, or the agent of the owner, the notice was not according to the statute, and plaintiff cannot recover against the property.

6. If it appears from the evidence, that all the parties in-

terested in the property are not parties to this suit, the plaintiff cannot recover, as the case now stands, against the property.

All of which instructions were refused.

The plaintiff, by his counsel, asked the following instruction, which *was given* :

" If the court, sitting as a jury, believe from the evidence that Louis Peters was the owner of the lot of ground described in the plaintiff's petition, and employed Charles Schuler to erect the buildings on the lot of ground mentioned in the petition; that the plaintiffs furnished and delivered the articles mentioned in the account attached to the petition, at the request of said Charles Schuler, at the time mentioned in said account; that said articles were used in the erection of said buildings' on said lot; that within four months after the accruing of said account the plaintiff filed the lien read in evidence, and that said plaintiff gave said Peters more than ten days' notice before filing said lien of his said claim, and of his intention to enforce the same under the lien law; that the prices charged in said account are reasonable; that the plaintiff is entitled to recover against said Charles Schuler and the said premises, the amount due for said articles, although the said Louis Peters executed the deed read in evidence by the defendants."

*Hill & Jewett*, for appellants.

The points in the case depend upon the force given to the requirements of the mechanics' lien law of February 14, 1857. That law provides an arbitrary mode by which one man may be unjustly called upon to pay the debt of another, which he never undertook or promised to pay, and should therefore be construed strictly against those who claim the benefit of its provisions. In all lien laws notice to the owner of the buildings, that a lien is about to be or has been filed, is a very material matter to the rights of such owners.

Peters was not the owner of the house when the lien was filed, and the lien does not set forth that the owner was " *un-*

*known*" to the plaintiff; and it would not be true if it did, as the owner was easily found by the records of the county. The notice was not given to the " owner, or agent of the owner," as Peters was not the " owner," and there was no evidence to show that he was the agent of his wife or her trustee. The answer denies that he was agent, and the husband is not in law the agent of his wife as to her separate property, and can only be so by appointment. The testimony shows that the bargain to build the house was made with Mrs. Peters, who told the contractor that the lot was hers.

The trustee was the only agent to whom notice could have been given, and no act of Peters, after the conveyance to the trustee, would affect the title of his wife.

*W. H. Lackland*, for respondent.

The first point upon which the appellant relies for a reversal of the judgment of the Land Court is, that Peters, one of the defendants, was not the owner of the property at the time the lien was filed.

It matters not if he had deeded the property away on the 24th day of July, A. D. 1860; he was the owner of the property on the 3d day of May, 1860, when the account accrued. It is admitted that Peters was the owner of the lot upon which the building was erected, from the 1st day of June, A. D. 1854, to the 24th day of July, A. D. 1860, the date of the deed to Ludwig, which deed was not put on record till on the 2d of August following, and the lien was filed about twenty days after that date. The object of the statute has certainly been complied with; that object is, that all the parties that are naturally interested should have notice.

The instructions given by the court at the instance of respondent cover the law of the case.

DRYDEN, Judge, delivered the opinion of the court.

The lien given by the first section of the Lien Law, specially applicable to St. Louis county, (Sess. Acts of 1857, p. 668,) attaches in favor of a sub-contractor at the time of

performing the work, or of furnishing the materials, for which such lien is claimed. And the person who is the owner at the time the lien attaches, is the person to whom the notice required by the eighteenth section of the act is to be given. (Schæffer v. Lohman, 34 Mo. 68.)

We find no error in the record. Let the judgment be affirmed. The other judges concur.