Smith v. Phelps, et al.

————o————

63 585
41a 230
63 585
45a 372
63 585
53a 320

J. FRANCIS SMITH, Respondent, *vs.* ORA R. PHELPS, *et al.*, Appellants.

1. *Mechanic's lien for work on leasehold building—Effect of as against prior incumbrance on land—Purchase—Extinguishment of lien by—Ejectment—Value of improvements—Deduction of.*—Where·land subject to the lien of a special tax bill is leased, and afterward at sale on execution under a judgment recovered on the tax bill, the property is bought in by the owner, the lien of the·tax bill as against the title to the land acquired under the lease is extinguished. Where, however, the land is purchased by a stranger the rule is otherwise, and the purchaser may have ejectment. But for work done on buildings erected on the leasehold, the mechanic will be entitled, on complying with the mechanic's lien law (Wagn. Stat., 908–9, § 4), to such erections or their value; and where ejectment is brought by the purchaser at the sale under the special tax bill against the purchaser under a sale to satisfy the mechanic's lien for work on the leasehold buildings, and the improvements cannot be removed, defendant will be entitled to a payment of the value of the improvements as a condition precedent to a recovery of the land.

*Appeal from Buchanan Circuit Court.*

*L. E. Carter & E. O. Hill,* for Appellants, cited: Hines vs. Ament, 43 Mo. 298 ; Lowenberg vs. Bernd, 47 Mo. 297 and cas. cit.; Dietrich vs. Murdock, 42 Mo. 279, 284, 285 ; Koenig vs. Mueller, 39 Mo. 165.

*Ben. Loan,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment. The title of the defendant Allen in this case, is the same on which the plaintiffs recovered in the case of Allen vs. Sales and others, reported in 56 Mo. 30. It appears now, that long anterior to the beginning of this litigation between Frederick W. Smith and Allen, reported as above, a suit had been instituted by one Kiley against Frederick W. Smith, the father of the present plaintiff and original owner of the lot in controversy. This action of Kiley commenced in 1867, and was based upon a lien claimed to have been derived from macadamizing the street in front of the lot, under the charter and ordinance of the city of St. Joseph. From some cause no determination of this suit was reached until September, 1873, when by confession of Frederick W. Smith, a judgment was rendered, and the plaintiff in the present suit became the purchaser at the sale of said lot on an execution issued on said judgment. The title of defendant Allen is stated at large in the report of the case in 56 Mo. 30, and it is unnecessary to repeat the details here. It was based on a mechanic's lien, originating in 1871, against one Cowan, who, at that time, was a lessee of the lot for ten years.

In the answer and upon the trial, it was claimed by defendant, that the plaintiff had been, long prior to the judgment under which he purchased in 1873, the general agent of his father, in regard to his St. Joseph property, and was such agent at the date of his purchase under the Kiley judgment, and that this purchase was made with his father's money and for his benefit, and the title was placed in the plaintiff with a view to get rid of the lease to Allen.

That the plaintiff had been and was at the date of this purchase such agent is admitted, but there was no testimony offered to show that the purchase money was advanced by the father, or that the title thus acquired by the son, was obtained with any fraudulent purpose.

Upon the trial an application for a continuance was made, based on the absence of two witnesses, but one of the wit-

nesses was ultimately procured by attachment, and the diligence requisite in such applications would hardly justify a reversal on account of the absence of the other.

Upon the trial, all evidence to show the difference between the value of the lot unimproved, and its value after the erection of a hotel on it by the defendant Allen, was excluded.

The judgment of the court was, that the plaintiff recover the possession of lot eight in block eight of Smith's addition to St. Joseph, together with the sum of $841.50 for his damages aforesaid by the jury assessed, and also the sum of $85, the monthly value of said premises, until the plaintiff be restored to the possession of said lot, and the court further ordered that an execution issue to restore to said plaintiff the possession of said lot and monthly value and costs of suit.

In the case heretofore reported, we held the title of Allen, under the Cowan lease, to be good. The new title acquired under the lien of Kiley, was not considered; indeed it had no existence at the date of judgment upon which we were passing. We assume, now, that the title under the Kiley lien, was acquired in good faith, and that it was a prior lien on the lot. Had the title been acquired by Frederick Smith, the father of the plaintiff and owner of the lot, it would have operated as an extinguishment of the lien under Kiley, and consequently confirmed the lease to Cowan; but being acquired by a stranger, it must take precedence of the case and the latter be regarded as subject to the prior lien.

The lease being thus avoided we must look to our statute to ascertain what rights the builder, under a contract with such a lessee, has.

The fourth section of the mechanic's lien law provides that every building on leased lots shall be held on account of the debt contracted and the leasehold term also. If the lease is forfeited by non-payment of rent, the builder on the leased ground is allowed to pay up these arrearages. If the lessor has obtained judgment for the possession on account of forfeiture, the builder is allowed to remove the building he has erected, and the purchaser under his lien seems to be allowed the same privilege, within a specified time. (Wagn. Stat., 908.)

It is clear that it was not the intention of our legislature that a mechanic who built a house on leased ground should lose the value of his labor by reason of incumbrances prior to the execution of the lease, on the validity of which his remedy against the lessee depended, whether known to him or not. · In the occupying claimant law the question of notice is made important, but in the mechanic's lien law it seems. to have been the intent of our legislature to protect the title of the mechanic to a reimbursement for his expenditure in money or labor on the home he builds, by giving him a right to the house, if all other means of remedy fail.

The judgment of the circuit court in this case was unconditional—an ordinary judgment for the successful party in ejectment, without regard to the facts admitted and pleaded. The hotel building could not be removed, but under the equitable defense set up in the answer, and established by the proof, the payment of its value should have been made a condition precedent to the recovery of the lot. And the equities between the parties, can, on a new trial, be adjusted in the usual way. We shall therefore reverse the judgment and remand the cause; the other judges concur.