AUGUST LEISSE, Respondent, *v.* DORIS SCHWARTZ ET AL., Appellants.

### January 14, 1879.

1. Evidence that a married woman knew of and participated in the negotiations for the erection of improvements on her land, and gave directions as to changes in the work during its progress, will warrant a finding that the work was done for her, and with her consent, and under a contract with her; and, if the other essential facts are proved, will warrant a special judgment against her property in a suit on a mechanic's lien.

2. Objections not made in the trial court will not be considered in the appellate court.

3. An affidavit filed with a mechanic's lien, which substantially complies with the statute, is sufficient.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

T. Z. BLAKEMAN, for appellants : To establish an agency of the husband on behalf of his wife, the evidence must be cogent and strong, and more satisfactory than would be required between persons occupying different positions. — *Eystra* v. *Cappelle*, 61 Mo. 578 ; *Garnett* v. *Berry*, 3 Mo. App. 197 ; *McCarty* v. *Carter*, 49 Ill. 53 ; *Baxter* v. *Hutchings*, 49 Ill. 116 ; *Spinning* v. *Blackburn*, 13 Ohio St. 131.

CHARLES L. MOSS and C. A. SCHNACKE, for respondent : The relation of principal and agent arises when the husband uses his wife's property with her consent. —*Patten* v. *Patten*, 14 Am. L. Reg. (N. S.) 733 ; *Schwartz* v. *Saunders*, 46 Ill. 18 ; *Fowler* v. *Rice*, 31 Ind. 259 ; *Adams* v. *Mills*, 60 N. Y. 533 ; *Collins* v. *Megrew*, 47 Mo. 495.

LEWIS, P. J., delivered the opinion of the court.

Plaintiff sues to establish a mechanic's lien for lumber furnished to defendants Middendorf and Spieler, original contractors, for erecting a dwelling and other improvements on the contiguous lots belonging to defendant Doris

Schwartz, whose husband, William Schwartz, is joined with her in the defence. The evidence was taken before a referee, whose findings were for the plaintiff on all the issues presented, and on whose report a general judgment was rendered against the contractors, and a special judgment, as prayed, against the lots of Doris Schwartz, as described in the petition. Mrs. Schwartz appealed.

The appellant contends that no contract for the erections was made with her, through an agent or otherwise. It appeared in testimony that Mr. and Mrs. Schwartz were together when a verbal agreement was made with Middendorf and Spieler for the building of the house and other improvements. In the conversation, which was chiefly between Schwartz and Spieler, Schwartz used expressions which might imply that he was about to build on his own account. He was active in superintending the work as it progressed, and directed numerous alterations, saying that he would pay the additional expenses. He testified that he had acted throughout for himself, and not as agent for his wife. On the other hand, it appeared that Schwartz had bid off the lots at an auction, and caused the conveyance to be made to Mrs. Schwartz. It was admitted that the title was in her at the institution of the suit. When the contract was made, she participated in the conversation and heard all that was said. The plan and price were discussed and agreed upon. Schwartz said that the ground belonged to his wife. Mrs. Schwartz said that the house would belong to her. Schwartz repeated the same thing. Mrs. Schwartz told Spieler not to fear about doing the work, for her husband already had the money to pay for it. Spieler testifies : "In May, 1876, we contracted with the defendants, Doris and William Schwartz, to build a house for them," etc. While the building was going on, Mrs. Schwartz was frequently about the work, and on one occasion gave directions, along with her husband, for an enlargement of the house. With all this appearing in the record, it is impos-

sible to say that there was no testimony reasonably tending to prove that the work was done for Mrs. Schwartz, with her consent, and under a contract made with her through the agency of her husband. The finding of the referee under such circumstances, like the verdict of a jury, is conclusive. The case is very different from that of *Garnett* v. *Berry*, 3 Mo. App. 197. There the contract was in writing, and signed by the husband alone, no reference to the wife anywhere appearing. All the testimony indicated that the work was done solely on his account, and was to be paid for with his money. Beyond the fact that the wife knew of the building on her lot, and did not object to it, there was nothing whatever to connect her with the transactions. The testimony is epitomized in her statement, thus : " My husband built the house for himself, and simply told me of it."

It is urged for the appellant that some of the lumber furnished by the respondent was used in the construction of a sidewalk in front of appellant's property, and that, under the ruling in *Kershaw* v. *Fitzpatrick*, 3 Mo. App. 575, this is fatal to the lien. It does not appear that this objection was brought to the attention of the Circuit Court. The testimony of the witness on this point is so confused, and his English so imperfect, that it is impossible to perceive clearly that the sidewalk referred to was on the public highway and not on the appellant's lot. In any event, the quantity of lumber used for that purpose was insignificant. Under all the circumstances, we would not feel justified in reversing the judgment for this cause.

The affidavit filed with the lien was in substantial compliance with sect. 5, p. 909, of Wagner's Statutes. The account sworn to contained the names of the owner and the contractors. It was unnecessary to repeat them in the affidavit.

The judgment of the Circuit Court is affirmed. All the judges concur.