HYDRAULIC PRESS BRICK COMPANY, Respondent, **v.** W. A. BORMANS ET AL., Appellants.

### St. Louis Court of Appeals, December 8, 1885.

1.   MECHANIC'S LIENS—MORTGAGES—PRIORITY—SUB-CONTRACTORS—The lien of a sub-contractor relates back to the date of the commencement of the erection of a building the work upon which has been continuous, and has priority over a mortgage placed upon the property after the work was begun.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

. *Affirmed.*

.   KLEIN & FISSE, for the appellants :   A *bona fide* mortgage or deed of trust placed upon the land after the commencement of the building or improvement by the general contractor, but before a particular sub-contractor has commenced his work or the delivery of his materials, is entitled to priority over the lien of such sub-contractor

as to the land, but not as to the building. Rec. Stat., sects. 3172–3–4–8, 3193. In cases of this nature, where the rights of third parties are involved, a stricter rule of construction is to be applied than in cases where only the contractor and owner are concerned. *Ranson v. Sheehan*, 78 Mo. 668, 673. The lien does not commence or attach antecedently to the doing of the work or furnishing materials. *McLagaw v. Brown*, 11 Ill. 519, 526; *Gaty v. Casey*, 15 Ill. 192; *Davis v. Alvord*, 94 U. S. 548 (bk. 24, Law Ed. 285); *Mellor v. Valentine*, 3 Col. 255; *Barber v. Reynolds*, 44 Cal. 533; *Welch v. Porter*, 63 Ala. 232; *Schaeffer v. Lohman*, 34 Mo. 68; *Rothe v. Bellingrath*, 71 Ala. 55; *Kuhleman v. Schuler*, 35 Mo. 142.

EDWARD C. ELIOT, for the respondent: The liens of mechanics and material men, whether as contractors or sub-contractors, take priority over other incumbrances placed upon the real estate subsequent to the commencement of the building. Rev. Stat., sect. 3178; *Douglas v. St. L. Zinc Co.*, 56 Mo. 388; *Allen v. Frumet Mining Co.*, 73 Mo. 688; *McKim v. Mason*, 3 Md. ch. 186; *Reading v. Hopson*, 90 Pa. St. 494: *Brooks v. Railroad Co.*, 101 U. S. 443 (bk. 25, Law Ed. 1057); *Davis v. Bilsland*, 18 Wall. 659 (bk. 21, *Id.* 969); *Taylor v. Burlington Railroad Co.*, 4 Dill. 570; *Neilson v. Iowa Railroad Co.*, 44 Iowa, 71: *Manhattan Life Ins. Co v. Paulison*, 28 N. J. Eq. 304. The commencement of a building is the first labor done on the ground, which is made the foundation of the building, and is to form part of the work suitable and necessary for its construction. *Conrad v. Starr*, 50 Iowa, 470; *Welch v. Porter*, 63 Ala. 232; Phillips, Mech. Liens, sects. 216, 219. As against a mortgagee of land, under mortgage executed after materials and work have been contracted for, and having knowledge of that fact, the lien of the mechanic furnishing such material or performing such labor will take precedence. *Dunklee v. Crane*, 103 Mass. 470; *Howard*

*v. Veazie*, 3 Gray, 233; *Phœnix Mut. Life Ins. Co. v. Batchen*, 6 Ill. App. 621.

LEWIS, P. J., delivered the opinion of the court.

This is a controversy between the plaintiff, a sub-contractor who furnished bricks for a house built by defendant, Bormans, as original contractor, on land owned, by defendant, Joyeux, on the one part, and the defendant, The Lafayette Mutual Building Association, on the other part, holding a deed of trust on the same premises. The court sitting as a jury found the issues for the plaintiff, and gave judgment for the amount claimed, with a mechanic's lien on the property.

The original building contract was entered into by Bormans and Joyeux on February 15, 1884. On February 26, the plaintiff contracted with Bormans for the delivery of bricks. On March 3, a payment was made to the builder, indicating, according to the terms of the contract, that the work had reached the laying of joists for the first floor. On March 4, Joyeux executed the deed of trust to the Building Association, and this instrument was recorded on March 8. The actual delivery of bricks by the plaintiff began on March 10, and continued until April 1. The only question submitted to us is as to the priority of incumbrance. The material statutory provisions are as follows:

"Sec. 3172. Every mechanic or other person who shall do or perform any work or labor upon, or furnish any materials * * * for any building, erection, or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor, or sub-contractor, upon complying with the provisions of this article, shall have for his work or labor done, or materials * * * furnished, a lien upon such building, erection, or improvements, and upon the land belonging to such owner or proprietor, on which the same are situated, * * * to secure the payment for such

work or labor done, or materials  * * *  furnished, as aforesaid."

"Sec. 3178.   The lien for work and materials, as aforesaid, shall be preferred to all other incumbrances which may be attached to or upon such buildings, bridges, or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements."

The defendants hold that the lien of a sub-contractor first attaches when he begins his work or furnishes materials; notwithstanding the preference given to it by section 3178 over "all other incumbrances which may be attached  * * *  subsequent to the commencement of such buildings or improvements."   This language, they contend, must be taken literally only as to original contractors, whose right to compensation attaches from the commencement of the building; and can not reasonably be applied to sub-contractors, who may furnish neither labor nor materials before the building is half completed.   Missouri decisions throw no direct light on the distinction thus advanced.   In *Douglas v. Zinc Co.* (56 Mo. to 388), a literal interpretation is given  the words "commencement of the buildings," but that was a case of original contract.   In the case of repairs put on an old building, or of machinery put into a building already completed, no rational interpretation can carry the preference back to the original construction of the building which received such additions.   In such cases, the expression, "commencement of the buildings or improvements," means nothing more than the commencement of the repairs or additions.   *Reilly v. Hudson*, 62 Mo. 383.   No relation exists between such repairs or additions and the original construction, as is always apparent in the case of materials or labor furnished towards the consummation of the original construction itself.

The authorities cited and the statute itself seem to sustain the defendants' position that the lien in all cases attaches from the time of the furnishing of the work or

materials.   *Schaeffer v. Lohman*, 34 Mo. 68; *Kuhleman v. Schuler*, 35 Mo. 142.   This general rule may serve, among other useful purposes, to indicate, in the event of a change of ownership, who may be held responsible to the contractor's demand.   But, like all general rules, it must be taken subject to such modifications, whether of extension or of limitation, as may be found imposed by special regulation.   Thus, the law gives a right of lien in general terms; but this right will be a nullity if the claimant fails to file his demand and to proceed otherwise as directed within proper time.   And this brings us to the principle of relation.   A contractor may have no enforceable lien for several months after doing the work or furnishing the materials.   His condition is, that he may never acquire one.   Yet, upon taking the proper steps and maturing his claim, his right relates back and becomes a perfected lien for all the time that has elapsed since his furnishing of the materials or labor.   *Douglas v. Zinc Co.*, 56 Mo. 388.   It may, therefore, be said that, although the lien first appears and attaches in a tangible shape upon the maturity of the proceedings; yet the law carries its preferences and priorities back to an earlier period, with like effect as if it had assumed a finished state at that earlier point of time.   It is not unreasonable to apply the same principle to the inquiry before us.   We may say that while the law gives an available shape and tangible existence to the sub-contractor's lien when his work begins or materials are furnished, yet the law also, by section 3178, carries its preferences and priorities over other incumbrances back to the commencement of the building itself by the original contractor. This method will at least harmonize a supposed verbal disagreement, and give effect to the literal meaning of the language of the statute.   Is it, in its consequences, as the defendants claim, so repugnant to common justice, that we must reject the literal meaning of the terms employed, as manifestly not expressing the legislative intention?   We think not.

The underlying purpose of the mechanics' lien law

is, that one who by his labor or materials has added to the value of another's land, shall not be deprived of his just and agreed compensation by a voluntary ·alienation on the part of the owner.  The alienee or incumbrancer can not complain, if he takes a conveyance with notice of the mechanic's claim.  The fact of the improvement gives its own notice to all the world.  This notice is imparted by the commencement of the building as well as by any later contribution to the structure.  When the building begins, the prospective incumbrancer is bound to observe that, before its completion, there may be work and materials furnished by sub-contractors, as well as by the original contractor.  The terms of the statute include both classes without distinction, in its general guaranty of protection, and in plain words dates that protection from the "commencement of the buildings or improvements."  We have, therefore, no need to depart from the literal interpretation of the statute in order to enforce its manifest and just policy.  "Whoever takes a mortgage upon a building in the course of erection, should assume that the mechanics' work is to go forward."  *Brooks v. Railroad Co.*, 101 U. S. 443.

"The commencement of the building is a patent fact which all persons can see and know; and persons dealing with reference to such property are put on their inquiry, and are justly charged with knowledge of all that inquiry would lead to, viz.: that there is or may be a mechanic's lien under the statute."  *Welch v. Porter*, 63 Ala. 232.

We would not here be understood as indorsing all that is said on other points in the decision last mentioned.  As to the supposed case of a first building contract abandoned after work done under it, and a subsequent independent contract made for the completion of the building, with the question whether, in such a case, subsequent mechanics' lienors, having no contract relation with the first contractor, may claim priorities relating back to the commencement of the building by the first contractor, it is sufficient to say,

that no such question appears in the present case, and there is no need for us to express an opinion upon it.

The Pennsylvania statute declares that : "The lien for work and materials aforesaid shall be preferred to every other lien or incumbrance which attached * * * subsequently to the commencement of such building." Purd. Dig. 578, sect. 10. The effect of this provision, identical with ours, was thus construed. *In Matter of Denkel's Estate*, (1 Pearson, Pa. 213): "All the mechanics' liens commence at the date of the first stroke of the axe or spade used in making the house, without regard to the time of their being filed, or of the doing of the work, or furnishing the materials. The man who does the last of the painting or plumbing comes in *pari passu* with him who built the foundation wall. All take precedence from the commencement of the building against all other claims, and must share ratably amongst themselves."

The circuit court found in the present case, upon satisfactory testimony, that the building was commenced at least before March 3, and appears to have placed the true date at February 26. Exactness as to this date is immaterial, since it is sufficient for all purposes if the commencement was prior to March 3. The deed of trust was dated March 4, and recorded on March 8. It follows that the court was right in awarding priority to the mechanic's lien of the plaintiff.

The judgment is affirmed, with the concurrence of all the judges.