McAdow v. Sturtevant.

. JAMES F. McADOW, Respondent, v. EZRA T.
STURTEVANT, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. **Mechanics' Lien**: CONSTRUCTION OF STATUTE. The entire statute relating to the liens of mechanics and materialmen must be liberally construed so as to effectuate the benign intent of the legislature in its enactment.

2. ———— : COMMENCEMENT OF. A mechanics' lien does not commence until the performance of the work or the furnishing of the materials, but guarantees protection to the contractor and subcontractor from the commencement of the building.

3. ———— : CONTRACT : CONDITION PRECEDENT. While a lien is not created by the contractual relation, still it must have its inception in that relation, which is an essential condition precedent to its existence.

4. ———— : OWNER AT TIME OF CONTRACT OR OF WORK. The owner mentioned in the statute is the owner at the time of making the contract, and not the owner at the time of the performance of the labor or the furnishing of the materials.

5. ———— : SUBSEQUENT OWNER : NOTICE. A purchaser is put upon inquiry by the fact that a building is in process of construction when he buys, which fact gives notice to all the world and is imparted by the commencement of the building, as well as by any later contributions to the structure.

6. ———— : PRIOR MORTGAGEES. The holder of an equity of redemption in real property cannot improve the mortgage lienor out of his security.

7. ———— : ———— : LIENS ON LAND AND IMPROVEMENTS. Prior mortgage lienors are entitled to priority over mechanics' lien as to the ground, but their lien must be postponed to the latter lien as to the buildings to which it attaches.

8. ———— : NAME OF OWNER IN STATEMENT. Where the lien statement contains the name of the owner it is unnecessary to repeat it in the affidavit.

9. ———— : CONTRACTOR AND SUBCONTRACTOR : OWNER AND HIS VENDEE. A contract between the original owner and his vendee to complete the building does not convert the original contractor with such owner into a subcontractor.

*Appeal from the Jackson Circuit Court.*—HON. JOHN
W. HENRY, Judge.

REVERSED AND REMANDED.

*B. F. Deatherage, O. G. Young* and *Gage, Ladd &
Small,* for appellant.

(1) The affidavit to the lien statement does not
state that Sturtevant was the owner, nor does it, in
general terms, cover all the facts stated in the lien, but
specifies part of such facts only. The lien statement is,
therefore, not verified by the affidavit and is void. R. S.
1889, sec. 6709. (2) An original contractor cannot
maintain a lien except under contract with the person
who was the owner at the time he began to fur-
nish his materials or do the work. It is his duty
to examine the records and see, when he begins the
performance of his contract, that his contract is with
the owner at that time. R. S. 1889, secs. 6705, 6706 ;
*Gable v. Society,* 59 Md. 455, 460 ; *Barker v. Berry,*
8 Mo. App. 446 ; *Hughes v. Anslyn,* 7 Mo. App. 400 ;
*Planing Mill v. Brundage,* 25 Mo. App. 268 ; *Tritch
v. Norton,* 10 Col. 337 ; *Bridwell v. Clark,* 39 Mo.
170 ; Phillips on Mech. Liens [2 Ed.] sec. 232, p. 388.
(3) The lien did not attach until the respondent
had commenced to furnish the materials, and, the prop-
erty having been transferred to Snyder before that
time, Snyder took the property free and clear of the
lien. *O'Brien v. Hanson,* 9 Mo. App. 545 ; *Fitz-
gerald v. Thomas,* 61 Mo. 499 ; *Hannon v. Gibson,*
14 Mo. App. 33 ; *Kuhleman v. Schuler,* 35 Mo. 142 ;
*Meyers v. Bennett,* 7 Daily (N. Y.) 471 ; *Laring v.
Flora,* 24 Ark. 151 ; *Noyes v. Burton,* 29 Barb. (N. Y.)
631. (4) The property having been conveyed to Snyder
before any of the materials had been furnished by plain-
tiff, and consequently before the lien attached, and
Sturtevant having agreed with Snyder to complete the

buildings, Sturtevant became an original contractor with Snyder as owner, and the plaintiff was a subcontractor and should have given to Snyder the ten days' notice required by the statute from subcontractors and filed his lien as such. Having failed to do so, his lien is void, and the judgment should have been for appellants. R. S. 1889, sec. 6723.

*Botsford & Williams*, for respondent.

(1) The objection and exception of defendants to the mechanic's lien in evidence as incompetent, irrelevant, immaterial, and because it enumerates in the affidavit itself what is sworn to, omitting in this enumeration many material facts, is too general and not sufficiently specific to be considered by this court. *Clark v. Conway*, 23 Mo. 438, 442 ; *Knipper v. Bechtner*, 32 Mo. 255 ; *Rosenheim v. Insler*, 33 Mo. 230 ; *Allen v. Mansfield*, 82 Mo. 688, 692. (2) Section 6705 gives a lien for material furnished for any building under contract with the owner thereof, and by section 6711 the lien takes effect from the commencement of the building, and is good as against all subsequent liens on, or transfers of, the property. And, Sturtevant having been the owner at the time plaintiff's contract with him was made, plaintiff's lien is good as against Sturtevant's subsequent transferees, and this would be so even if Sturtevant had not agreed with his purchasers to go on and complete the building, and if the objection were made by those purchasers instead of by Sturtevant's mortgagees. Although, as appellants' counsel contend, respondent's lien did not attach until his materials went into the block, yet, when said materials were so furnished and went into the block, respondent's lien attached and related back over intermediate incumbrances and sales, to the commencement of the block. *Brick Co. v. Bormans*, 19 Mo. App. 664; *Dubois v. Wilson*, 21 Mo. 213 ;

*Douglas v. Zinc Co.*, 56 Mo. 388 ; *Allen v. Sales*, 56 Mo. 29, 38 ; *Warden v. Sabins*, 36 Kan. 165 ; *Sampson v. Bowen*, 41 Wis. 484 ; *Gale v. Blaikie*, 126 Mass. 274 ; *Jones v. Shawain*, 4 W. & S. 257 ; *Fire Co. v. Pringle*, 2 S. & R. 138 ; Phillips, Mech. Liens, secs. 226, 227 and 228. Apart from these views, appellants, who claim as Sturtevant's mortgagees and to whom Snyder is a stranger, cannot vicariously assert the rights of Snyder, who, although before the court, does not complain. *Clark v. Brown*, 22 Mo. 140. ( 3 ) And plaintiff's lien is good as against the mortgages to the Lombard Investment Company and Deatherage, Weston & White, which were given before the commencement of the block of buildings. R. S. 1889, sec. 6707 ; *Hall v. Mill Co.*, 16 Mo. App. 454. ( 4 ) Our courts have decided that, where there are successive owners, the owner when the materials are furnished is the "owner" meant by the statute to be named in the lien papers. *Brown v. Wright*, 25 Mo. App. 54 ; *Kuhleman v. Schuler*, 35 Mo. 142. Therefore, the meaning in the lien statement and affidavit of Snyder, who was the owner while all the plaintiff's materials was being furnished, and his ( Snyder's ) subsequent purchasers, as the owner of the property, was sufficient. ( 5 ) But, if it was necessary to name Sturtevant as owner with those who subsequently purchased and owned at the time the lien was filed, then we submit that Sturtevant is expressly named in the lien statement as owner, and the affidavit annexed thereto speaks of him as "said Sturtevant," thereby referring to the Sturtevant so named as such owner in the preceding statement with which the affidavit must be read. *Deatherage v. Woods*, 37 Kan. 59 ; *Hays v. Mercier*, 22 Neb. 656 ; *Merriam v. Bartlett*, 34 Minn. 524 ; *Shroeder v. Mueller*, 33 Mo. App. 33 ; *Putnam v. Ross*, 46 Mo. 337 ; *Ostor v. Rabenean*, 46 Mo. 595 ; *De Witt v. Smith*, 63 Mo. 263 ; *Hassett v. Rust*, 64 Mo. 325-7 ; *Brodish v.*

*James,* 83 Mo. 317. This statement expressly says that Sturtevant was the owner prior to the making of the conveyances from and under which Snyder and Lees & Lees became subsequent owners.

SMITH, P. J.—Plaintiff, a dealer in wooden mantels, grates, tiles, etc., on the first day of September, 1887, entered into an agreement with defendant Sturtevant, the owner of a certain block of ground and the building in process of construction thereon, situated in Woodland Place, Kansas City, to furnish the mantels and grates for said buildings, and to put the same in their places when said building should be ready for the same. At the time of the making of this agreement plaintiff did not have on hand the mantels of the kind which he had agreed to furnish defendant Sturtevant, but had to procure the same from the factory; that afterwards between the latter part of December, 1887, and the seventh of January following, plaintiff placed said mantels and grates in the said building according to the said agreement. Sturtevant having failed to pay the price agreed upon or any part thereof for the said mantels and grates, the plaintiff on the twenty-third of April, 1888, filed with the proper circuit clerk of Jackson county a verified statement of his account of the work and labor done, and materials furnished by him under his contract with Sturtevant, for the purpose of availing himself of the provisions of the statute relating to mechanics' liens. In May, 1887, one Deitrick, by proper deed, conveyed said block of ground to Sturtevant and Evans, who, on the thirty-first day of the same month, gave two deeds of trust thereon, respectively to Ettien as trustee for the Lombard Investment Company, and to Pearson, trustee for Weston, Deatherage & White. On August 12, 1887, Evans by deed conveyed said lot in said block to defendant Sturtevant. Sturtevant conveyed to Snyder on September 29, 1887.

The 'said building on said block was commenced about June 20, 1887, and was completed when plaintiff furnished and put in place said mantels and grates under his contract.    On August 9, 1888, the defendant Rogers purchased said block at a trustee's sale made under one of the said Lombard Investment Company's deeds of trust.   This suit was brought on the lien against Sturtevant and the other defendants who claimed an interest in the property against which it was sought to have the lien declared and enforced.   The plaintiff in the circuit court had a general judgment against defendant Sturtevant, and a special judgment against the said block and building from which defendants appeal.

I.   The appealing defendants contend: *First.* That an original contractor cannot maintain a lien, except under contract with the person who was the owner at the time *he began to furnish his materials;* and, *second,* that it is his duty to examine the records and to see when he begins to furnish his materials that his contract is with the owner at that time.   As to the first branch of defendants' contention it is to be observed that the statute, Revised Statutes, section 3172, provides that any mechanic or other person who shall do or perform any work or labor upon, or furnish any materials   *   *   * for any building   *   *   * under and by virtue of any contract with the owner or proprietor thereof   *   *   * upon complying with the provisions of this article shall have for his work or materials a lien upon such building and the lot upon which the same is situated.

The entire statute relating to the liens of mechanics and materialmen must be liberally construed so as to effectuate the benign intent of the legislature in its enactment.   It is a remedial statute, and must not be construed with unfriendly strictness.   The course of decisions is quite uniform in the states, that the lien does not commence until the performance of the work or labor, or the furnishing of the materials.   *Hydraulic*

*Press Brick Co. v. Bormans*, 19 Mo. App. 664; *Schaeffer v. Lohman*, 34 Mo. 68; *Kuhleman v. Schuler*, 35 Mo. 142; *Douglas v. Zinc Co.*, 56 Mo. 388. And while this is so the performance of the work and labor, or the furnishing the materials, must have been under a contract with the owner. Although a lien of this kind is the creature of the statute, still it cannot exist in the absence of this condition precedent. The lien could not exist without the statute, nor with it without this essential condition precedent. And, while the lien is not created by the contractual relation, still it must have its inception in that relation. Must the owner mentioned in the statute be also the owner at the time of the performance of the labor or the furnishing of the materials? Can an owner make a contract with a mechanic or materialman for the erection of a structure and abrogate it by a sale and conveyance of the ground upon which it is building or to be built? Let us consider this question in the light of reason and authority. The mischievousness of the doctrine of defendants' contention finds an apt illustration in the facts of this very case. Plaintiff made a contract with Sturtevant, the owner of the building while in process of construction, to furnish a great number of mantels and grates of the kind required by the architects' specification, which not having on hand he was obliged to order from the factory at a large outlay. Now it is contended that though the plaintiff executed his contract made with the owner, that the materials and labor furnished by him under it have turned out to be a mere gratuity, since the owner with whom he made the contract had sold and conveyed the block, upon which the building was situated, to another, before the date he performed his work and furnished his materials. The mantels were, perhaps, purchased by plaintiff, though not put in place, before the sale of the block to Snyder. The hapless materialman may in the utmost good faith procure the material at great cost and expense for the purpose

of fulfilling the obligations of his contract with the owner, and yet, if that owner happens to convey his ownership of the ground to another before the materials are actually delivered, then his contract is annulled, and notwithstanding this cost and expense which he has been compelled to lay out to comply with the hitherto valid obligations of his contract, unless the later owner shall voluntarily and graciously step into his predecessor's shoes in respect to said contract. Even if the materialman should keep an eye on the records of conveyance made from the date of his contract until the owner shall convey away his title to the ground upon which the building was to be built or was building, and should have knowledge of the change of ownership, still what would be his predicament if the later owner should decline to recognize the binding validity of the contract? If the materials contracted for should be of a kind or quality not in general use, and, therefore, unsalable to any one else, except, perhaps, at great sacrifice, must the loss fall upon the materialman unless the new owner shall revive as to himself the obligations of the abrogated contract of his grantor? It would be no answer to this to say, that the materialman would have his remedy on the contract as on any other violated contract. We may presume the law which gave the lien was in contemplation of the contractor when he made the contract, and that he would not have made it had it not been for the security afforded by its benign provisions. The owner may have become insolvent. The subsequent owner who acquires the property was put upon his inquiry by the fact that the building was in process of construction when he purchased. This fact gave notice to all the world. This notice is imparted by the commencement of the building as well as by any later contribution to the structure. When the building begins the prospective incumbrancer is bound to observe that before its completion there may be work and materials furnished by the contractor

and subcontractor. The statute guarantees protection to both from the "commencement of the building." *Hydraulic Brick Co. v. Bormans, supra.* "Whoever takes a mortgage upon a building in the course of erection should assume that the mechanics' work is to go forward." *Brooks v. Railroad,* 101 U. S. 443. The commencement of the building is a patent fact which all persons can see and know, and persons dealing with reference to such property are put on their inquiry, and are justly charged with knowledge of all that inquiry would lead to, viz., that there is, or may be, a mechanics' lien, under the statute. *Welch v. Porter,* 63 Ala. 232. "All mechanics' liens commence at the date of the first stroke of the ax or spade, and continue in the erection of the house, without regard to the time of their being filed, or of the doing of the work or furnishing the materials. The man who does the last of the painting or plumbing comes *in pari passu* with him who built the foundation wall." *In the Matter of Denkel's Estate,* 1 Pearson (Pa.) 213 ; Purd. Dig. 578, sec. 10. Other adjudications in this line might be referred to ; but the foregoing are deemed sufficient for our present purposes. If the rule announced in these authorities applies to mortgagees who are regarded in certain cases *bona fide* purchasers, why may it not apply in those cases where the later owner acquires by absolute deed the entire interest, which the owner who made the contract with the mechanic or materialman had in the property ? We cannot see that a distinction could be made, or, if so, that it rests on any solid foundation of principle. Besides the succeeding owner by purchase has it in his power to fully protect himself, either by covenants of warranty in his deed, or by taking indemnity, or both. If he neglected to take these precautions surely he ought not to be permitted to claim after the contractor has executed his contract, and he has received the benefits, that the materials and labor were not furnished under contract

with the owner, and thus emancipate his property from the operation of the lien. Snyder acquired the interest of Sturtevant in the property some three months after the building had been commenced, and after it was far advanced towards completion, but before plaintiff had put in the mantels and grates under the contract with Sturtevant, which in point of time antedated the ownership of Snyder. It would seem, indeed, a harsh and unreasonable construction of the statute that would overthrow plaintiff's lien under such circumstances. But since Snyder, the succeeding owner, who is a party to this suit, is not one of the appealing defendants, and is not contesting the right of the plaintiff on this or any other ground, so that the questions which we have been discussing are not properly before us for decision ( *Clark v. Brown*, 22 Mo. 140 ), they may be dismissed without further consideration.

II. The vital question in the case seems to be whether the plaintiff's lien on the ground and building thereon is valid as against the mortgages given to the Lombard Investment Company and to Deatherage, Weston & White, before the commencement of the building. The question is, therefore, one of priority between the mortgage lienors, or those claiming under them, and the materialman, who was an original contractor. The relative rights of these parties must be determined in the light of the statute, Revised Statutes, section 3174, which provides that the lien for materials or work shall attach to the buildings, erections or improvements for which they were furnished or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter. It would seem that the liens of the materialman are

subordinate to that of the mortgages as to the block of ground in question, and paramount as to the building erected thereon. *Hall v. Planing Mill*, 16 Mo. App. 454, and 22 Mo. App. 33; *Dugan v. Scott*, 37 Mo. App. 663; *Crandall v. Cooper*, 62 Mo. 478; *Smith v. Phelps*, 63 Mo. 585; *Hotel Co. v. Sauer*, 65 Mo. 288. The complaint of the defendants in reference to the judgment of the circuit court, in so far as it subjects the said lot upon which the building was erected to the plaintiff's lien, is not entirely groundless. If the plaintiff can prevail in this case over the prior mortgagees, then the mechanics' lien statute has put it in the power of the holders of an equity of redemption in real property to improve the mortgage lienor out of their security. *Dugan v. Scott*, 37 Mo. App., *supra*. This, as the authorities cited abundantly show, cannot be done. On the other hand, the statute offers ample protection to the mechanics and materialmen, who furnish labor and materials for an improvement placed on the ground, under a contract with the owner of the equity of redemption, who is regarded by the law as the owner of the ground in so far that he may authorize an improvement thereon to be made, which can be charged and subjected to the lien of the mechanic and materialman for the reasonable cost of making the same. The lien, in this regard, will be as firmly upheld as that of the prior mortgage on the ground upon which the improvement is made, as was said by Judge NAPTON in *Smith v. Phelps, supra:* "In the mechanics' lien law it seems to have been the intent of our legislature to protect the title of the mechanic to a reimbursement for his expenditure in money or labor on the house he builds, by giving him a right to the house if all other means or remedy fail." It, therefore, seems to us that, while the mortgage lienors are entitled to priority over the mechanics' lien, as to the block of ground, that their lien must be postponed to the latter lien as to the buildings thereon.

III.   As to the lien statement of the plaintiff, we think it was sufficiently. verified.   The account sworn to contained the name of the owner Sturtevant.   It was unnecessary to repeat it in the affidavit.   *Leise v. Schwartz,* 6 Mo. App. 413 ; *Deatherage v. Woods,* 37 Kansas, 59.

IV.   There is nothing in the evidence in the case which justifies the assumption that the plaintiff was a mere subcontractor under Sturtevant, who, after his sale of the property to Snyder, under a contract for that purpose with Snyder, completed the building which he had commenced as owner.   In view of the fact that the circuit court, by its judgment, gave plaintiff a lien on the block of ground, as well as the structures thereon, we must reverse the judgment.   It is ordered that the judgment be reversed, and the cause remanded with instruction to the circuit court to enter judgment in favor of plaintiff and against defendant Sturtevant for the amount of his claim, with six per cent. thereon from the seventh day of January, 1888, with a lien clause against the building ( but not the lot ) described in plaintiff's petition, subjecting the said building to the payment of said judgment.   All concur.