————o————

ROBERT J. REILLY, Appellant, *vs.* BENJAMIN F. HUDSON, *et al.*, Respondents.

1. *Mechanics' liens—Effect of, as against mortgage—Judgment against owner alone —Fixtures— Question in collateral proceedings— Improvements on old house.*—Where the owner of a house had a range erected therein, which became a fixture, and afterwards gave to an outside party a deed of trust on the premises, the purchaser, under a sale of the property made to satisfy a mechanic's lien filed by the range builder, would hold the title to the house as against a purchaser under the mortgage, although the lien was filed subsequent to the mortgage. The mechanic's lien related back to the time of commencing the work on the range, and superseded the lien of the mortgage. (Wagn. Stat., 908–9, §§ 3, 7.) And in such case the rights of the parties would not be affected by the fact that the judgment for the sum claimed on the mechanic's lien was rendered against the owner of the house alone, where its recital embraced all parties, describing their interests and providing, that if no sufficient property were found, the residue should be levied out of the premises. (Wagn. Stat., 910–11, §§ 14, 15.)

And in contest of title between the respective purchasers under the mortgage and the lien, the lien judgment could not be attacked on the ground that the range was not a fixture.

Nor was the claim of the lien purchaser impaired by the fact, that the house was four or five years old when the work on the range was done. The statute affords its protection to such cases, as well as to those where the work and materials are devoted to a building entirely new.

*Appeal from St. Louis Circuit Court.*

62　383
35a 347

62　388
105　242

62　383
45a 372

62　383
122　244

62　383
71a 257

62　383
146　592

62　383
82a 232

62　　383
172　[1]595
176　[2]216
96a　[1] 77

*E. T. Farish,* for Appellant, contended, among other things, that the lien law (see especially §§ 3, 7) had reference only to new buildings and improvements, and gives preference to the lien holder over all incumbrances which may attach subsequent to the commencement of such building or improvements.

*M. Hilton,* for Respondent, Mary Dickey, cited Holzhour vs. Meer, 59 Mo., 434; Wagn. Stat., ch. 88, Art. 3, § 1, Mechanics' Liens; Graves vs. Pierce, 53 Mo., 429; 2 Kent Com., 343; Bush vs. Baxter, 3 Mo., 207; Am. Fire Ins. Co. vs. Pringle, 2 Serg. & Rawle, 138, 140; Dixon vs. LaForge, 1 E. D. Smith, 722–725; Stine vs. Austin, 9 Mo., 558; Harris vs. Thompson, 36 Mo., 450; Allen vs. Sales, 56 Mo., 28–38; Hanser vs. Hoffman, 32 Mo., 334–340; Williams vs. Porter, 51 Mo., 441–443; Schaeffer vs. Lohman, 34 Mo., 68–73; Wagn. Stat., ch. 88, § 9; Vito Viti vs. Dixon, 12 Mo., 479–484; Dubois vs. Wilson, 21 Mo., 213, 214; Douglas Jr. vs. St. Louis Zinc Co., 56 Mo., 338–402; Kuhlemann vs. Schuler, 35 Mo., 142, 146; St. Bt. Mary Blane vs. Beehler, 12 Mo., 477–479 Wagn. Stat., ch. 88, §§ 1, 19, 22; Williams vs. Chapman, 17 Ill., 423, 426; Dogan vs. Brown, 11 Ill., 519–527; Gaty vs. Casey, 15 Ill., 19; Clifton vs. Foster, Assn., 3 Bank'cy, 162; *In re* J. M. Coulter in Bankruptcy, 3 Chicago Leg. News, 377; Page vs. Hill, 11 Mo., 149–166; Anschultz vs. McClelland, 5 Watts, 487–492; Groner vs. Smith, 49 Mo., 324; Cabell vs. Grubbs, 48 Mo., 358; Draper vs. Bryson, 17 Mo., 71.

*Lee & Adams,* for Respondent Hudson.

SHERWOOD, Judge, delivered the opinion of the court.

Action of ejectment for a house and lot on Howard, near Tenth street, in the city of St. Louis. Walter P. Billings owned the premises in March, 1869, and in the following May he employed one Greenwood to put up an ordinary cooking range in the dwelling in question, then a house some four or five years old. This work Greenwood did, putting

up the range in the basement, by building a foundation of, and setting it in, brick, which was so built as to surround the range and extend to the wall of the dwelling. In July following. Billings, to secure a debt of $4,000 to Mrs. Perry, conveyed the premises to her trustees, Bernard J. Reilly and A. N. Sterling. This deed was recorded in the next month thereafter.

In October of the same year, Greenwood filed his lien, and brought suit for its enforcement in the November of the same year, making Billings, the trustees and the *cestui que trust*, parties defendant. His petition contained the usual allegations, and among them it was alleged that the cooking range "was sold and delivered to, and set up for, said Billings, in and to be used in, and as a fixture of, and was so used by said Billings in, a certain brick house," etc.

The answers of the defendants put in issue the chief allegations of the petition. Subsequently, however, by stipulation filed, the parties agreed to let judgment go against Billings for the amount sued for, as well as a special judgment against the premises; but execution to be stayed for four months.

Judgment, as stipulated, was accordingly entered, containing all necessary recitals, referring to the stipulation, and describing the various interests of the defendants in the property, and providing that if no sufficient property of Billings could be found, to satisfy the judgment, that the residue be levied out of the premises charged with the lien. After the expiration of the period agreed on, execution issued against Billings in conformity to the judgment, was returned unsatisfied, and under an alias execution the property in suit was sold, and the defendant, Mrs. Dickey, became the purchaser, receiving and having recorded the sheriff's deed therefor.

The sale took place in June, 1872. In the next October thereafter, Bernard J. Reilly, one of the trustees, conveyed the property to one Wheeler, who in time conveyed it to plaintiff. Mrs. Dickey, after her purchase and the convey-

ance to her, successfully instituted proceedings for possession against Billings' tenant, the defendant Hudson, who thereupon attorned to her.

The lien given by the statute attaches as soon as the work is begun (Houck Liens, § 157), and when made perfect in the mode pointed out by law, has preference to any prior lien on the land on which the improvements are put, and is to be preferred to all incumbrances attaching to the buildings subsequent to the commencement of such improvements. (Wagn. Stat., 908, 909, §§ 3, 7.)

As above seen, the lien in favor of Greenwood attached before that created by the deed of trust, and as a matter of course must have conceded to it its statutory priority.   The purchaser at the execution sale consequently bought the property as free from the incumbrance created by the deed of trust, as if such incumbrance were without existence.   In other words, Billings being the absolute owner at the time the work was begun and the materials furnished, which gave origin to the lien, his *status* towards the property remained, to all intents and purposes, unchanged, down to the time when that lien found consummation at the sheriff's sale.

But it is urged that the judgment, which resulted from the stipulation filed, went only against Billings, and that, therefore, his interest alone was sold under the execution conforming thereto.   If, however, the foregoing views be correct, this position is clearly untenable. · Such construction would defeat not only the plain letter, but the obvious object of the statute referred to.   The judgment rendered in conformity to stipulation embraced all the parties who were interested, describing their interests, and as effectually concluded them as it did Billings.   And that judgment, aside from staying execution four months, is in precise accordance with legislative provision (Wagn. Stat., 910, 911, §§ 13, 14, 15), being rendered against the debtor.

It would be a meaningless ceremony, and the statute nowhere requires that judgment be rendered, or execution issue against any one else.   All others' rights and interests are by

Reilly v. Hudson, et al.

the statute subordinated to the lien which attaches to the property of the debtor, whereon the work is done. It is true, the statute (§ 9) provides that all parties interested may be made parties to the proceedings for the enforcement of the lien; but while providing that when thus made parties they shall be bound by such proceedings, there is not the slightest intimation given of any necessity for the rendition of judgment, or of the issuance of execution against them. The proceeding to enforce the lien, especially if it results in the issuance of a special *fi. fa.*, the sale of the premises bound by the lien, is one essentially *in rem* (Houck Liens, §§ 47, 48), and if the ownership is in fee, the lien is co-extensive with the fee (Id., § 77), and the sale carries the fee with it.

Some attempt appears to have been made at the trial to attack the judgment referred to, on the ground that the cooking range was not a fixture. It was clearly incompetent to do this. After rendition of judgment by a court of competent jurisdiction all issues of fact raised by the pleadings are forever settled. So that it was entirely immaterial whether the cooking range was attached to the freehold or not. The court on issue joined, so found, and that was sufficient. Nor was it at all material that the house was four or five years old at the time the work, which resulted in the lien, was done. The statute extends its protection as well to cases of this sort as to those where the materials furnished and labor performed are devoted to the erection of a building entirely new.

There being no error in the record, we shall affirm the action of the circuit court in giving certain declarations of law, which caused the plaintiff to take a non-suit, as these declarations conform to the views hereinbefore expressed. Judge Vories absent; the other judges concur.

END OF JANUARY TERM, 1876, AT ST. LOUIS.