GREAT WESTERN PLANING MILL COMPANY, Respondent, v. W. A. BORMANS ET AL., Appellants.

St. Louis Court of Appeals, December 8, 1885.

MECHANICS' LIEN—SUB-CONTRACTOR—MORTGAGES—PRIORITY OF LIEN.—
The lien of a sub-contractor has priority over a mortgage placed on
.the property after the sub-contractor had begun work upon the
building.

APPEAL from St. Louis Circuit Court GEORGE W. LUBKE, Judge.

*Affirmed.*

KLEIN & FISSE, for the appellants.

RUDOLPH SCHULENBERG, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The controlling question in this controversy is the same upon which our decision turned in *Hydraulic Press Brick Co. v. Bormans* (*ante,* p. 664), although appearing in a somewhat different shape. The building, the building contract, and the parties thereto are the same, and the same deed of trust which figured in that case is present in this; but the holder of it, the Lafayette Mutual Building Association, is not a party to this proceeding. The plaintiff was a sub-contractor under Bormans for furnishing mill work, lumber, and materials used in the building, and its account filed for the lien showed that its first delivery of material was on April 9, 1884. There was testimony to the effect that the foundation of the house was completed on or before February 7, although the building contract bore date February 15. The court found the plaintiff's lien established as of a date prior to March 4. Defendant Joyeux, owner of the land, resists this judgment on the ground that the plaintiff acquired

no right earlier than April 9, and because the judgment gives an illegal priority against the deed of trust, which was dated March 4, and recorded March 8.

The views announced by us in the *Hydraulic Press Brick* case are conclusive against the defendant's claim in this, and compel an affirmance of the judgment rendered below. The building was commenced before the execution of the deed of trust, and that fact concludes the controversy. Some exceptions were saved which, in an opposite view of the controlling question, might be of material import. But, as the matter stands, they can have no influence on the disposition of the cause, and need no further notice here.

The judgment is affirmed. All the judges concur.