JOHN A. STEININGER, Respondent, v. F. RAEMAN *et al.*, Appellants.

St. Louis Court of Appeals, January 17, 1888.

1. MECHANICS' LIENS—POWER TO ENFORCE, STATUTORY AND NOT EQUITABLE.—The judicial authority to enforce mechanics' liens, in this state, is purely statutory, and does not belong to the powers of a court of equity, as such.

2. ——— PRIORITY OF INCUMBRANCES.—In a suit upon a mechanic's lien, originating before a justice of the peace, it is error for the circuit court to submit to a jury the question whether the lien sought, or a mortgage executed by the owner, is the prior incumbrance on the property. Nor is there any warrant in the judicial decisions of this state for supposing that such priority might be determined by decree in such a suit, wherever originating.

3. MECHANICS' LIENS, COMMENCEMENT OF—PRIORITIES.—A mechanic's lien cannot date from a time when the defendant owner had no title or interest in the property, though the work may have been then actually begun. Hence, where the owner executes a mortgage for purchase money simultaneously with his first acquisition of ownership, the mechanic's lien cannot have priority over such mortgage, whatever may have been the time when the work was commenced.

4. MECHANIC'S LIEN—SUFFICIENCY OF ACCOUNT.—Where the contract was for the performance of labor on the defendant's building, at so much per hour, an account filed with the lien claim, which shows the number and dates of the hours worked, without describing the particular kind of work done, is sufficient.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Reversed and remanded, with directions.*

W. F. SMITH and D. D. FASSETT, for the appellants: The court erred in refusing leave to appellants to file the answer proposed by them. The practice in the appellate court shall govern. Phillips on Mech.

Liens, secs. 243-4; *Thaxter v. Williams*, 14 Pick. 49; *Ettridge v. Bassett*, 106 Mass. 314; 3 Pom. Eq. Jur., sec. 1253, note 3; Hilliard on Vendors [2 Ed.] 5; *Kellogg v. Kellogg*, 6 Barb. 116. The court erred in overruling appellants' objection to a jury trial, and their claim that the cause involved equitable matters and should be tried by the court. 1 Story Eq. [13 Ed.] sec. 553. The court erred in overruling defendants' objection to the introduction of any and all evidence, because no cause of action was stated in the petition. The court erred in overruling appellants' objection to the introduction in evidence of the mechanic's lien, the objection being that it did not specify the nature and kind of work claimed to have been done, and was indefinite and insufficient in law to create a lien as against these appellants. *Kling v. Construction Co.*, 7 Mo. App. 410; *Russell v. Bell*, 44 Pa. St. 417; *Carson v. White*, 6 Gill [Md.] 17; *Trustees v. Heise*, 44 Md. 473; *Shackelford v. Beck*, 80 Va. 576; *Foster v. Wulfing*, 20 Mo. App. 85; *Heinrich v. Gymnastic Society*, 8 Mo. App. 587-8; *McWilliams v. Cullen*, 45 Mo. 573; s. c., affirmed, 86 Mo. 278. The court erred in sustaining plaintiff's objections to the questions asked of the witness, Smith, respecting the agreement with Raeman, under which the conveyances were made and purchase money secured, and in excluding evidence of the agreement of the parties as to the beginning of the improvements upon the land. *Ettridge v. Bassett*, 126 Mass. 314; *Thaxter v. Williams*, 14 Pick. 49; Hilliard on Vendors [2 Ed.] 5; *Kellogg v. Kellogg*, 6 Barb. 116. The court erred in neglecting to check and admonish counsel for plaintiff, when he stated to the jury, in his closing address, in a very earnest and emphatic manner, that it was an effort on the part of O'Reilly and Howard to swindle the mechanic, etc., and in stating to the jury that the witness, Smith, had signed the bond for the appeal in the justice's court, and in exhibiting said bond and signature to the jury, said bond not having been offered or put in evidence. And erred in failing to direct the jury to disregard such state-

ments and documents. *State v. Bartram*, 82 Mo. 67; *Gibson v. Zeibig*, 24 Mo. App. 65; *Holliday v. Jackson*, 21 Mo. App. 660; Thompson on Jury Charges, 134-5; Hayne on New Trials, sec. 50, p. 156; *Martin v. Orndorf*, 22 Iowa, 504; *Rolfe v. Rumford*, 66 Me. 574; *Ferguson v. State*, 49 Ind. 33; *Butler v. Seam*, 50 Pa. St. 459.

TAYLOR & POLLARD, for the respondent: The court did not err in refusing leave to file the answer of appellants. (1) Because the matter set up in the answer, if true, constituted no defence as to plaintiff's lien. The acceptance of a deed of trust to secure the purchase money, even when taken by the vendor, is a waiver of vendor's lien, in this state. Certainly Howard is in no position to claim a vendor's lien. *Partridge v. Logan*, 3 Mo. App. 509; *Pearl v. Hervey*, 70 Mo. 160; *Sharp v. Collins*, 74 Mo. 266; *Briscoe v. Callahan*, 77 Mo. 134; *Orrick v. Durham*, 79 Mo. 177; *Faber v. Purdy*, 60 Mo. 602. (2) Because suit was begun in a justice's court, and according to the law and practice in such courts a written answer was not necessary. (3) Because the statute provides that, on appeal from the justice, the same cause of action tried before the justice, and no other, shall be tried in the circuit court. The court did not err in allowing a jury trial. Plaintiff's action was one which unquestionably entitled him to a trial by jury. *Simpson v. Watson*, 15 Mo. App. 429; *Peacock v. Nelson*, 50 Mo. 260. Nor can plaintiff be deprived of his right of trial of his action by jury, because of equitable defences set up by the answer. In such cases "the test of a right of trial by jury is the action and not the defences or the issues." *Smith v. Canning Co.*, 14 Mo. App. 522; *Davis v. Morris*, 36 N. Y. 569; *Pitcher v. Hennessey*, 48 N. Y. 415; *Maher v. Ins. Co.*, 67 N. Y. 283; *Carter v. Prior*, 78 Mo. 222; *Plow Co. v. Hartman*, 84 Mo. 610.

THOMPSON, J., delivered the opinion of the court.

This action was brought against the defendant, Raeman, as owner, and the defendant, O'Reilly, as

trustee, and the defendant, Howard, as beneficiary in a mortgage deed of trust, before a justice of the peace, to enforce a mechanic's lien upon a certain building and ground in the city of St. Louis, a description of which will more fully appear from the language of the complaint, which was as follows : "That, on or about said day, said defendant began the construction of a new two-story brick building fronting on Evans avenue in said city of St. Louis, state of Missouri, designed for four flats, but all under one roof and constituting one building, and situated on the following described premises, viz : Lots numbered ten and eleven of city block number 1864 of said city, said lots being also known and described as lots ten and eleven, of block three of D. D. Page's third western addition to the city of St. Louis, state of Missouri, of record in the recorder's office of said city, said lots having together a front of fifty (50) feet on Evans avenue, and extending northwardly to Easton avenue, and they are bounded, north by Easton avenue, east by lot twelve of said block, south by Evans avenue, and west by lot nine of said block; that, immediately before the beginning of said building the defendant, Raeman, contracted with divers persons for the doing of different kinds of work, to be done in order to fully complete said building, including the work herein sued for, and all work used in constructing said building was done as parts of one original design or improvement had in contemplation by the defendant from the time the soil was broken for the foundation until said building should be completed ; that, on or about March 2, 1887, defendant, Raeman, contracted with plaintiff to do work on said house and agreed to pay him thirty (30) cents an hour therefor ; that, in pursuance of said contract, he did work one hundred and twenty (120) hours on said building, which items were all furnished, beginning March 3, and ending with March 19, 1887 ; that the same were reasonably worth thirty-six dollars and said Felix Raeman agreed to pay that sum for same ; that no part has been paid ·

that the last of said work was done on the nineteenth day of March, 1887, on which day plaintiff's said claim accrued and payment was demanded but refused. Plaintiff further says that, on the twenty-eighth day of March, 1887, he filed with the clerk of the circuit court of said city a just and true account of the said demand due him after all just credits had been given, which was to be a lien upon the land and building aforesaid, together with a true description of said property, or so near as to identify the same as aforesaid, with the name of the owner and contractor, all verified by the oath of the plaintiff; and now, within ninety days after filing said lien, he brings this suit to enforce the same. Plaintiff further says that, on the seventeenth day of November, 1886, the defendant, Raeman, placed a deed of trust on said lot, making the defendant, M. B. O'Reilly, the trustee therein to secure to defendant, Howard, a note for three thousand dollars, due in one year with interest, which said deed of trust is recorded in the recorder's office of said city, in book 801, at page 507; that, prior to the bringing of this suit, plaintiff filed in the office of the clerk of the circuit court of said city his notice showing that he would, on the twenty-eighth day of March, 1887, bring suit to enforce said lien before Patrick Sheehan, Esq., a justice of the peace within and for said city. Wherefore plaintiff prays judgment against defendant, Raeman, for thirty-six dollars and interest and costs, and that the same may be adjudged a lien on said building and ground prior to said deed of trust, and for an order selling said premises to satisfy said judgment."

Such proceedings took place that, in the trial which was had in the circuit court, a jury brought in the following verdict: "We, the jury, find for the plaintiff and that he has established a mechanic's lien for the sum of thirty-six (36) dollars against the building in the complaint described, and that such lien is prior to that of defendants, O'Reilly and Howard, as to the lots also in the complaint described." We quote the language of

this verdict because it is peculiar and confusing. It finds that the plaintiff has established a mechanic's lien against the building, and, without finding that he has established a mechanic's lien against the lots of ground, it then proceeds to declare that *such lien* is prior to that of the defendants, O'Reilly and Howard, as to the lots also. In its grammatical sense it does no more than declare that a lien established against the building is prior to a mortgage in respect of the ground; which is nonsense, especially since, under our law, a lien may be established against a building only, without being established against the ground. The jury probably intended, under the instructions of the court, to declare that the lien had been established both against the building and the ground, and that, in respect of the ground, it was prior to the mortgage of O'Reilly and Howard. It was evidently deemed unnecessary to declare whether such a priority existed in respect of the building, because the law establishes such a priority in all cases without reference to the date of the mortgage. Rev. Stat., sec. 3174.

The court evidently so interpreted the verdict; for it entered a judgment thereon which recites : " Wherefore, it is considered by the court that plaintiff has sustained and established his mechanic's lien upon the building and real estate in the complaint described as follows : [describing the building and grounds in the language of the complaint]; and that said lien, so by the plaintiff established, is prior to the lien of M. B. O'Reilly and W. J. Howard, the appellants herein, under said deed of trust recorded November 17, 1886." The judgment then proceeds to award a special execution " to be levied on the building and premises hereinbefore described."

In his claim of lien, filed in the office of the clerk of the circuit court, the plaintiff states, after describing the building and the grounds on which it is situated, that his account is filed "in order that it may constitute

a lien upon the buildings, improvements, and premises above described.''

It appears, then, that the plaintiff filed a claim of lien both against the building and land; that in his complaint he demands an enforcement of his lien both against the building and the land; that the jury have rendered a verdict which probably means that they find that he has established his lien both against the building and the land; that they have also attempted, under the instructions of the court, to settle a question of priority in respect of his lien upon the land, between it and the mortgage of the defendants, O'Reilly and Howard; that the court in its judgment has adjudged that such a lien exists both against the building and the land; and that in respect of the land it is prior to the lien of the mortgage of O'Reilly and Howard; and has awarded execution accordingly.

I.   A question which meets us at the outset is whether the court has any authority, in a proceeding to enforce a mechanic's lien, to settle a question of priority between such lien and a mortgage; and especially whether the court has any authority to submit such a question to the jury. The statute confers no direct authority upon the court to settle such priorities. The statute prescribes what the judgment shall be, both where the proceeding is commenced, as here, before a justice of the peace (Rev. Stat., sec. 2875), and where it is commenced in the circuit court. Rev. Stat., sec. 3182. The statute settles certain questions of priority between mechanics' liens and other incumbrances (Rev. Stat., secs. 3174, 3178); but it nowhere provides whether such questions of priority shall be settled in the suit to enforce the mechanic's lien, or in a subsequent action. Especially must it be observed that the statute in terms confers no such authority upon justices of the peace in proceedings to enforce mechanics' liens. It provides that ''the provisions of the mechanics' lien law, with respect to acquiring such lien, and the enforcement thereof, and as to all matters not otherwise specially

provided for, shall be adhered to in proceedings instituted in justices'.courts, so far as the same may be applicable." Rev. Stat., sec. 2879. Clearly this gives to the justice no power, in dealing with the subject of mechanics' liens, which is not found in the chapter relating to such liens. As the statute relating to mechanics' liens does not in terms confer any such power, or any equity powers in respect of determining questions of priority, and as justices of the peace have, outside of the statute relating to mechanics' liens, no equity jurisdiction, it follows that, in a proceeding to enforce a mechanic's lien, a justice of the peace has no power to declare whether the lien is prior or subsequent to a mortgage which may exist as an incumbrance upon the land; and it is needless to argue that here, as in all other cases of appeals from justices of the peace, the circuit court has no larger power than the justice had. In some other jurisdictions, where there is a separate system of equity, the enforcement of mechanics' liens is committed to courts of equity, or to the equity side of the courts of general jurisdiction; but in our state it is a strictly statutory proceeding, and, whether the proceeding is commenced before a justice of the peace, or in the circuit court, the court has no larger power than is conferred by the statute itself. Most of the decisions in this state, where questions of priority between mechanics' liens and other liens have arisen, were in actions of ejectment, or other proceedings instituted subsequently to the judgment establishing the liens, involving the question of the rights acquired thereunder. *Dubois v. Wilson*, 21 Mo. 213; *Reilly v. Hudson*, 62 Mo. 383; *Crandall v. Cooper*, 62 Mo. 478; *Haeussler v. Thomas*, 4 Mo. App. 463. The only color which is given to the idea that priorities can be adjusted and decreed in mechanics' lien suits is found in some decisions of this court where the action was to enforce a mechanic's lien, and where the question of

priority incidentally arose and was discussed. *Andrews v. Railroad*, 16 Mo. App. 299 ; *Hall v. Planing Mill Co.*, 16 Mo. App. 454 ; *Hydraulic Press Brick Co. v. Bormans*, 19 Mo. App. 664 ; *Great Western Planing Mill Co. v. Bormans*, 19 Mo. App. 671. But an examination of these decisions shows that, in each one of them, the question of priority was only considered and decided as incidental to the question whether the plaintiff had a lien at all, or whether he had a lien taking effect from a certain date. Obviously, one or both of these questions must be decided in every suit to enforce a mechanic's lien, and the question of priority between the mechanic's lien and a mortgage can only arise and be discussed as an incident to the decision of these questions, and then only when, as in the present case, the mortgagees are parties defendant. No warrant is found, so far as we are aware, in any decision of the Supreme Court, or of the appellate courts of this state, for making, in a mechanic's lien suit, a decree (which, from its very character, is in the nature of a decree in equity), adjudging that the lien has priority over a mortgage, or the reverse.

Then, as to the manner in which the question of priority was determined, it should be said that it was established by the verdict of the jury. But this was done upon a hypothetical instruction in which the court applied the law, as understood by the learned judge, to a state of facts which the evidence tended to show. We are, therefore, not prepared to say that, if the question of priority can be settled at all in such a proceeding, it can be settled in any other manner than the manner in which it was submitted to the jury in this case—by hypothetical instructions which apply the law to the evidence and leave the jury to find what the fact was, and to resolve it by saying that the lien had or had not a priority over the mortgage.

II. Assuming next, for the purposes of this discussion, that power existed in this case to settle the ques-

tion of priority between the plaintiff's lien and the mortgage of the defendants, O'Reilly and Howard, we are nevertheless of opinion that the lien is not entitled to a priority. There was no contradiction in the evidence, except on one point, and that was as to the date at which the general work upon the building was commenced. The plaintiff's evidence tended to show that the work was commenced on or before the ninth day of November, 1886, and the defendants' evidence tended to show that it was not commenced until after the seventeenth day of November, 1886. The importance of the question arises from the further fact that the mortgage was not put upon the property until the seventeenth day of November, 1886. Now, the plaintiff was an original contractor with Raeman, the owner, and although his contract was made with Raeman subsequently to the recording of the mortgage, yet, by the terms of the statute (Rev. Stat., sec. 3178), and by the decisions expounding the same, his lien would, under ordinary circumstances, take effect from the date of the commencement of the work on the building. *Douglas v. Zinc Co.*, 56 Mo. 388. It has been so adjudged by this court even in respect of the lien of a subcontractor. *Hydraulic Press Brick Co. v. Bormans*, 19 Mo. App. 664; *Great Western Planing Mill Co. v. Bormans*, 19 Mo. App. 671. But there is this peculiar feature in this case: Although, as found by the jury, the work on the building may have commenced as early as the ninth of November, 1886, yet there is not a particle of evidence tending to show that Raeman had any title to the land, either legal or equitable, prior to the seventeenth of November, 1886. Prior to that time, the evidence shows that negotiations for the purchase of the land had been had between him and Mr. Smith, the latter acting as attorney for the owners. These negotiations resulted in the payment of fifty dollars as earnest money, by Raeman to Smith, who, on receiving it, gave to Raeman the following memorandum:

" Received of Felix Raeman this, October 11, 1886, fifty (50) dollars on account of the purchase of Elliot-

McClelland lot fronting on Evans avenue and Easton avenue, west of Grand avenue, at forty-five dollars per foot. If owners repudiate sale said sum to be returned to Mr. Raeman.

"W. F. SMITH, for owner."

This memorandum clearly does not embody a contract of purchase, but it shows that at the time when it was given no such contract existed, because it shows that the owners had, notwithstanding the payment of the fifty dollars, the right to repudiate the bargain made by Smith and Raeman, in which case the fifty dollars was to be returned to Raeman; and there is no evidence whatever in the record that at the time when this money was paid and this receipt taken a verbal contract of purchase had been made, such as would have been good under the statute of frauds by the fact of the owners delivering and Raeman taking possession and making improvements. The inception of Raeman's title, according to the evidence, was on the seventeenth of November, 1886, when two deeds were delivered to him by Smith acting for the owners and filed for record simultaneously with the mortgage of O'Reilly and Howard. One of these was a quit-claim deed from Mrs. Ingraham to Raeman, the other was a warranty deed to Raeman from Mr. McClelland, as executor and trustee of an estate, the administration of which was in the state of Ohio. Moreover the evidence shows without contradiction that all of the purchase money by which the consideration for the purchase was paid by Raeman was advanced by Howard under this deed of trust. The greatest care was taken by Howard and by his attorney, as would appear from the record, to avert the contingency of mechanics' liens attaching and taking priority to this deed of trust. Nor is there any evidence tending to show that Raeman took possession of the ground and began excavating prior to the delivering and filing for record of these title papers, on the seventeenth of November, with the knowledge or consent either of the vendors or of O'Reilly or Howard. If he took possession prior to that date, he

took possession before he had any title, legal or equitable, or any right of possession, so far as the record discloses. If upon these facts it is to be held that the lien of mechanics who did work upon the building after he acquired a title takes precedence of this mortgage, then it would seem that any man, by commencing to build a house on another man's land, can charge such land with a mechanic's lien even as against a mortgage of a third party.

The foundation of mechanics' liens is, under the language of Revised Statutes, section 3172, a contract "with the owner or proprietor," "or his agent, trustee, contractor, or subcontractor;" and while, as we have held, the nature and extent of the title of the owner is not, in actions to enforce a mechanic's lien, a proper subject of investigation (*Cole v. Barron*, 8 Mo. App. 509, 512 ; *Chambers v. Benoist*, 25 Mo. App. 520; *Brown v. Wright*, 25 Mo. App. 54), yet this has been upon the ground that the proceeding is not strictly a proceeding *in rem;* that the judgment does not condemn the property, irrespective of the question of ownership therein or liens thereon, as is the case in a proceeding in admiralty against a ship for salvage, or a proceeding under the United States revenue laws against liquors or tobacco which become the subject of seizure for violations of such laws, but that it is a proceeding to condemn the interest which the owner with whom the contract is made had in the property at a certain date—in most cases at the date when the building was commenced. Now, if it conclusively appear that at such date a person, who subsequently became the owner, and with whom the contract was subsequently made, had no title or interest in the property whatever, upon what principle can a judgment or decree be rendered, not merely subjecting any interest which he may have then had, but in terms subjecting the land, to the exclusion of a lien which took effect simultaneously with the acquisition of title by him ? In this case, upon well-settled principles, the title did not come into

Raeman until the deeds of purchase were delivered, on the seventeenth of November, 1886 ; and, as the mortgage was simultaneously delivered and the purchase money simultaneously advanced by the mortgagee, the title came into Raeman burdened with the mortgage ( *Hall v. Mullanphy Planing Mill Company*, 16 Mo. App. 454, 459) ; the simultaneous delivery of the deeds to Raeman and of the mortgage by him being regarded as parts of a single transaction ; and the lien of the mortgage thus acquired by the mortgagee simultaneously with the acquisition of title by Raeman could not be postponed or displaced by reason of any act which Raeman had done, attaching the property prior to that date without the knowledge or consent of the owners, and before he had acquired any title thereto, legal or equitable.

The error of the court in adjudging a lien to be prior to the mortgage is still more apparent when it is considered that the court submitted to the jury the question whether Raeman was the owner of the building in November, 1886, which may have been, and probably was, understood as referring to the date in November, 1886, when the work on the building was commenced. If it was intended to refer to such a date, then it submitted to the jury a proposition of fact in support of which there was no evidence ; if it was not so intended, then it was misleading and confusing, since it may have been so understood.

We have proceeded to state our conclusions upon a state of facts which are undisputed upon this record, and our conclusion upon these facts is, that the court erred in submitting to the jury the question whether the plaintiff has a lien prior to the date of the mortgage of O'Reilly and Howard.

III.   In the account filed by the plaintiff with his claim for a lien, the work for which he claimed the lien was itemized thus :   "One hundred and twenty hours' work at thirty cents per hour, thirty-six dollars.  Said work was begun March 3, 1887, and finished March 19, 1887."  This was sufficiently definite in a proceeding

between the original contractor and owner, and no decision with which we are acquainted would go to the length of holding otherwise because the claimant did not specify whether the work was brickwork or carpenter-work, etc. The decisions cited by the appellant under this head do not warrant us in holding this statement insufficient.

IV. We do not deem it necessary to consider any other question which has been presented to us; since it is possible, and hence proper, to direct the proper judgment upon this verdict, rejecting as surplusage so much of it as deals with the question of priorities. Under any view the plaintiff is entitled to a lien upon the land to the extent of Raeman's interest therein, and he is also entitled to a lien upon the building. As a judgment which is rendered in a mechanic's lien case should not take the form of adjusting such priorities, unless the parties consent thereto (and here they do not) the court should have entered a judgment in the usual form reciting that the plaintiff has established his lien upon the lot of ground described, and also upon the building thereon. This will leave the question of priorities for future adjustment.

The judgment of the circuit court will be reversed and the cause remanded with directions to enter such a judgment. It is so ordered, with the concurrence of all the judges.