Buddecke v. Ziegenhein.

BUDDECKE *et al.* v. ZIEGENHEIN *et al.*, *Appellants.*

Division Two, May 24, 1894.

1. **City**: STREET OPENING: CONDEMNATION PROCEEDING: RES JUDICATA: INJUNCTION. Whether a city had already acquired property, sought to be condemned for street purposes, is triable in such proceeding only, and such question is not open for determination in a suit to enjoin the collection of special tax bills issued for benefits assessed against property owners.

2. ——: ——: ——: NOTICE: RES JUDICATA. Where in such condemnation proceeding the complaining property owners have been notified by publication as required by the city charter, it is unnecessary to make them parties to the condemnation suit.

3. **Jurisdiction**: PRESUMPTION. Every presumption is indulged in favor of the jurisdiction of a court of general jurisdiction and this principle applies to condemnation proceedings.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED.

*W. C. Marshall* for appellants.

(1) This case falls within the decision in *Michael v. St. Louis* 112 Mo. 612. (2) Notice by publication was sufficient. *St. Louis v. Rankin*, 96 Mo. 497. (3) The evidence is insufficient to support the judgment.

*Leverett Bell* and *F. & Ed. L. Gottschalk* for respondents.

(1) At the date of the ordinance and condemnation proceedings Utah street was a public street, and not the subject of the exercise of the right of eminent domain. *Baker v. Vandenburg*, 99 Mo. 378; *Campbell v. Kansas City*, 102 Mo. 326; *Heitz v. St. Louis*, 110 Mo. 618. (2) Injunction is the proper remedy. 2 R. S. 1889, p. 2119, sec. 2; p. 2120, sec. 5; p. 2121, sec. 10; *Olean v. Steyner*, 135 N. Y. 341; *Michael v. St. Louis*, 112 Mo. 610; *Johnson v: Duer*, 115 Mo. 366; *St. Louis v. Ranken*, 96 Mo. 497; 2 R. S., p. 2129, sec. 2.

BURGESS, J.—This is an action to enjoin the collection of certain special tax bills issued upon several different assessments for benefits to the property of plaintiffs, growing out of the opening of Utah street in the city of St. Louis.

The petition states that plaintiffs' are the owners of property on South Ninth street, Utah street, Thirteenth street, Second Carondelet avenue and Lemp avenue; that on the twenty-eighth day of March, 1890, the city began proceedings against W. W. Withnell and Peter R. Kendrick, for the purpose of establishing and opening Utah street from Ninth street to Thirteenth street under ordinance number 14,921; that commissioners were appointed and made their report to the circuit court, and that court entered a final decree of condemnation of date February 4, 1891, by which said Kendrick and said Withnell were awarded damages for property taken for such purpose, and the plaintiffs herein were assessed benefits against the several lots owned by them respectively in the benefit district; that special tax bills were issued against the property and placed in the hands of defendant Ziegenhein, the col-

lector of the city, for collection, which claims are liens on plaintiff's property; that Utah street, as described in ordinance number 14,921, was a public highway sixty feet wide, extending from Ninth street to Thirteenth street for many years prior to the passage of said ordinance, and that such condemnation proceedings and the tax bills issued thereunder are void, because the property sought to be condemned as a highway was really owned and possessed by the public for that purpose; that on July 3, 1855, William Wible, being the owner of the south one-half of Utah street between Ninth and Thirteenth streets, dedicated the same to public use as a public highway; that in 1869, John Withnell, who owned the north one-half of said street between Ninth and Thirteenth streets, filed a plat with the recorder of deeds of the county in which Utah street is exhibited as a public street sixty feet wide between Ninth and Thirteenth streets, and the north half thereof is shown as part of the street; that on February 10, 1869, the city of St. Louis, by ordinance number 6,746, authorized the city engineer to grade, curb, gutter, macadamize and pave the crosswalks and sidewalks on said Utah street from Eighth street to Second Carondelet avenue (now Thirteenth street), which was accordingly done, and said street has been used by the public continuously as a public street from 1869 to the present time; that the tax bills issued, as aforesaid, are a cloud on said property; that the plaintiffs were not parties to the condemnation proceedings and had no notice thereof, and that they have no remedy, except by this action, and they pray that said condemnation proceeding and said tax bills be declared void and that defendants be perpetually enjoined from collecting or enforcing said tax bills. The answer is a general denial.

Vol. 122—16

Plaintiffs are the owners of property on South Ninth, Utah and Thirteenth streets, Second Carondelet and Lemp avenues, in the city of St. Louis. On March 28, 1890, the city began, in the circuit court of said city, proceedings against W. W. Withnell and Peter R. Kendrick to establish and open Utah street from Ninth to Thirteenth street under an ordinance theretofore passed by the city for that purpose. None of the plaintiffs were made parties to this proceeding. Commissioners were appointed and made their report to the circuit court and a final decree of condemnation was entered on February 4, 1891, by which Kendrick and Withnell were awarded damages for the north thirty feet of the street and the plaintiffs were assessed with benefits against their property respectively in the benefit district. Special tax bills issued against plaintiffs and their property, which were placed in the hands of Ziegenhein, collector for the city, for collection. These bills are liens on the property of plaintiffs.

The evidence tended to show that Utah street had been dedicated to public use as a street by the owners of the land through which it ran many years before the proceeding by the city to open it up as a street was begun. William Wible on July 3, 1855, being the owner of the south one-half of Utah street between Ninth and Thirteenth streets dedicated the same to public use as a public highway. John Withnell who owned the north one-half of said street between Ninth and Thirteenth streets, filed a plat in 1869 with the recorder of deeds of St. Louis county exhibiting thereon Utah street as a public street sixty feet wide between Ninth and Thirteenth streets, and the north half is shown as part of the street. In 1869 ordinance number 6,746 was adopted, directing the improvement by grading, curbing, guttering, macadamizing, and building sidewalks and cross-walks on Utah street from

Eighth (now Ninth) street to Second Carondelet avenue, now Thirteenth street, which was accordingly done, and the street has been used by the public continuously as a public street from 1869 to the present time. In 1871 John Withnell the father of W. W. Withnell, conveyed to Peter R. Kendrick the lot at Utah and Ninth streets (formerly Eighth) on which a church stands bounding the same on the south by Utah street. The church was built in 1877 or 1878.

The court rendered a decree declaring the condemnation proceedings and special tax bills void and perpetually enjoined the collection of the latter. The defendants, after taking the usual course in order that they might do so, appealed to this court.

This case, in all of its salient features, is like that of *Michael v. City of St. Louis*, 112 Mo. 612, in which it is held that the question whether the city had, before the condemnation proceeding, acquired the property sought to be condemned could only be tried in such proceeding, and is not open for consideration in a suit to enforce the tax bills or to enjoin their collection; and that such questions are determinable only on exceptions being filed to the report of the commissioners appointed in the condemnation proceedings.

While the record shows that plaintiffs were not made parties defendant to the condemnation proceedings against the property, it does show that they were duly notified as required by the city charter by five days' notice in the paper doing the city printing of the establishment of the benefit district and the boundaries thereof in which property was to be benefited by reason of the opening of said street, and the time and place when and where the commissioners would proceed to assess said benefits, and that all persons interested were invited to be present. It was not, therefore, necessary that they should have been made parties

defendant in the condemnation proceedings to open the street (*City of St. Louis v. Ranken*, 96 Mo. 497) or that they should have any other or further notice. Moreover, every presumption is to be indulged in favor of the jurisdiction of a court of general jurisdiction, such as the court before which the condemnation proceedings were had, and the burden of proof rests upon him who asserts that it had not, to so make it appear.

The court having acquired jurisdiction over the parties and the *res* in the condemnation proceedings, which could only be maintained for the purpose of condemning private property for public use, and having by its solemn decree adjudged it to be private property, the question as to whether it was or not can not now be inquired into in this collateral way. *Reilly v. Hudson*, 62 Mo. 387. It is, therefore, immaterial whether or not the street previous to the judgment in the condemnation proceedings had been dedicated to the city by the owners of the ground for a street, and so accepted by it. The judgment is reversed. All of this division concur.