# PATRICK O'SHEA, Appellant, v. JOSEPH O'SHEA et al., Respondents.

### St. Louis Court of Appeals, December 17, 1901.

1. **Mechanic's Lien:** LIEN ACCOUNT: STATUTORY CONSTRUCTION. It is not everything that may be included in a building for which the statute gives a mechanic's lien: It is necessary that the character of the work or material furnished be stated in the lien account, or that it be somewhere found in the papers filed, with the intention of charging the property with the lien.

2. ———: ———: ———: DECLARATION FOR LIEN ACCOUNT: NOTICE, EFFECT OF BEING MADE PART OF DECLARATION FOR LIEN: PRACTICE, TRIAL. In the case at bar, neither the account filed nor the declaration for the lien gives any intimation of the purpose of the excavating work alleged to have been done and for this reason are insufficient. But the lien declaration gives notice, that the notice of the intention to file a lien, is attached to and made a part of the declaration, and this notice was attached to and filed with the lien, and describes the character of the work, and where done and supplies the omission to characterize the work in the lien account.

3. **Mechanic's Lien Statute:** STATUTORY CONSTRUCTION. The mechanic's lien statute is a remedial one and should be liberally construed.

4. ———: ———. The notice should be treated as a part of the declaration for the lien, when so pleaded.

5. ———: ———: FAILURE OF PROOF: EVIDENCE: NONPREJUDICIAL ERROR. In the case at bar, there was failure of

O'Shea v. O'Shea et al.

proof of facts essential to entitle plaintiff to enforce his mechanic's lien, and the error in excluding the lien paper was not prejudicial.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglass*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The suit is for a personal judgment against Joseph O'Shea and to foreclose and enforce a mechanic's lien on real estate situated in the city of St. Louis, alleged to be the property of Edward S. Robert. It is alleged in the petition that the owner, on the fifteenth day of February, 1900, contracted with Zeller & Walker for the erection, on the land described, of a stone and brick dwelling-house; that afterwards in March, 1900, Zeller & Walker contracted with defendant, Joseph O'Shea, to do certain excavating work in digging a cellar for said dwelling-house, and that afterwards on the eighth day of March, 1900, Joseph O'Shea contracted with plaintiff to do certain excavating work in and for a cellar of said dwelling-house; that subsequently between the twelfth and thirtieth of March, 1900, inclusive, plaintiff did do the excavating work under his contract with Joseph O'Shea, an itemized account of which work and labor was attached to and made a part of the petition. Plaintiff alleged that the work and labor done by him was reasonably worth eighty-six dollars and twenty-five cents; that six dollars and twenty-five cents had been paid to him by Joseph O'Shea; that the balance of eighty dollars was due him.

It is further alleged that on the twenty-third day of April, 1900, and at least ten days prior to the filing of his lien, plaintiff gave notice in writing to the owner, of his claim against the property, the amount thereof, from whom due, and of his intention to file a lien therefor; that thereafter on the

eighth day of May, and within sixty days after the account accrued, he filed his lien paper in the office of the clerk of the circuit court of the city of St. Louis, giving a just and true account of the demand due him after all just credits and set-offs, verified by his affidavit, with the intention to charge said property with his lien.

The suit was instituted before a justice of the peace where the plaintiff had judgment, from which the defendants, except Joseph O'Shea, appealed. On a trial *de novo* in the circuit court the issues were submitted to the court sitting as a jury. To sustain the issues on his part plaintiff offered in evidence his lien statement and account, which is as follows:

"Now, at this day, comes Patrick O'Shea, and with a view to avail himself of the benefits of the statute relating to mechanics' liens, files the account below set forth for work and labor done by him under one general contract with and at the special instance and request of Joseph O'Shea, a subcontractor under George P. Zeller and Isaac Walker, co-partners, trading and doing business under the firm name and style of Zeller & Walker, the original contractors with Edward S. Robert, the owner, upon, to and for a certain building now in the course of erection, which said building is being built in a manner so that it may be used as an apartment house, or for flats, and is situated on the northeast corner of Delmar and Walton avenues, upon the following described lot, tract or parcel of land, lying, being and situated in the city of St. Louis and State of Missouri, to-wit:

"Being portions of lots known as numbers one, two and three of Olive Street Grove subdivision, and in city block No. 3760 of said city of St. Louis; said lots having together a frontage of one hundred and fifty-seven feet eight and one-eighth inches on the north line of Delmar boulevard, by a depth northwardly along the east line of Walton avenue one hundred and sixteen feet and six inches to the south line of an alley, fifteen feet wide. Bounded on the north by said

alley, east by lot number four of said city block and subdivision, south by Delmar boulevard, and west by Walton avenue; the said real estate, building and improvements belonging to and being owned by Edward S. Robert, which said account, the same being hereby filed, in order that it may constitute a lien upon the buildings, improvements and real estate above described, is as follows:

"St. Louis, Missouri, March 30, 1900.
"Joseph O'Shea, to Patrick O'Shea, Dr.

"To work and labor done upon, to and for the building now in the course of erection and situated on the land above described as being portions of lots 1, 2 and 3 in the city block 3760, and located at the northeast corner of Delmar and Walton avenues, continuously between March 12, 1900, and March 30, 1900, both dates inclusive.

1900.

| | | |
|---|---|---|
| March 12—2 men and 2 teams, 18 | hours at 30c. | $ 5 40 |
| March 13—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 14—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 15—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 16—1 man and 1 team, 10 | hours at 30c | 3 00 |
| March 17—1 man and 1 team, 8½ | hours at 30c | 2 55 |
| March 19—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 20—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 22—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 23—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 24—2 men and 2 teams, 20 | hours at 30c. | 6 00 |
| March 26—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 27—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 28—2 men and 2 teams, 20 | hours at 30c | 6 00 |
| March 29—2 men and 2 teams, 20 | hours at 30c | 5 70 |
| March 30—2 men and 2 teams, 22 | hours at 30c | 3 60 |

Total .......................................$86 25
By cash on account ........................... 6 25

Balance due... ...........................$80 00

"State of Missouri, ⎫
City of St. Louis,   ⎬ ss.
                     ⎭

"Patrick O'Shea, being duly sworn, on his oath says that the foregoing is a just and true statement, on account, of the demand for $80 due him for work and labor done by him between the twelfth day of March, 1900, and the thirtieth day of March, 1900, both dates inclusive, upon to and for the building and improvements hereinbefore described, after all just credits have been given, and that said work and labor were done in the erection and construction of said building and improvements, and that said work and labor was done as aforesaid at the special instance and request of Joseph O'Shea and under contract with him, the said Joseph O'Shea, a subcontractor under George P. Zeller and Isaac Walker, co-partners trading and doing business under the firm name and style of Zeller & Walker, the original contractors with Edward S. Robert, the owner of the hereinbefore described property, for the erection of the building hereinbefore mentioned, that the foregoing description is a true description of the property to which this lien is intended to apply, or so near as to identify the same, the said demand accrued within sixty days prior to the filing of this lien; that on the twenty-third day of April, 1900, and at least ten days prior to the filing of this lien, this affiant, Patrick O'Shea, gave notice in writing to the said Edward S. Robert of this, his, claim, against him, the amount thereof, from whom due and of his intention to file a lien therefor, a copy of which said notice is herewith attached and made a part of this lien statement and that said Edward S. Robert, as affiant is informed and believes, is and was the owner of the hereinbefore described land, building and improvements, which said building, improvements, and real estate are intended to be charged with this lien.

"PATRICK O'SHEA.

"Subscribed and sworn to before me this seventh day of May, 1900.

"My term expires June 26, 1903.

"CHARLES J. MACAULEY,
"Notary Public, St. Louis, Mo."

"NOTICE.

"To Edward S. Robert:

"Take notice, that I, the undersigned, Patrick O'Shea hold a claim against your certain flats, or apartment houses, now being erected on the following described real estate lying, being and situated in the city of St. Louis, Missouri, to-wit: Being portions of lots known as numbers one, two and three of Olive Street Grove subdivision, and in city block number 3760 of said city of St. Louis, said lots having together a frontage of one hundred fifty-seven feet, eight and one-eighth inches on the north line of Delmar boulevard, by a depth northwardly along the east line of Walton avenue one hundred sixteen feet and six inches to the south line of an alley fifteen feet wide. Bounded on the north by said alley, east by lot number 4 of said city block and subdivision, south by Delmar Boulevard and west by Walton avenue.

"The said claim amounts to eighty dollars, and is for work and labor done by me, the undersigned, Patrick O'Shea, in excavating the cellar for said buildings, flats, or apartment houses above mentioned, and for leveling and filling in around said cellar, under contract with Joseph O'Shea, a subcontractor under Zeller & Walker, the original contractors with you for the erection of said buildings above described or mentioned.

"Take further notice, that said claim accrued within ten days less than sixty days prior to the giving of this notice, and that unless the same is paid within ten days from the date

hereof, the undersigned will file his lien against the property above described and proceed thereon according to law.

"Dated this twenty-first day of April, 1900.

"PATRICK O'SHEA,

"By C. J. MACAULEY, Attorney and Agent."

The lien paper, on the objection of defendant, was excluded by the court, to which ruling plaintiff duly excepted.

Plaintiff then offered in evidence a notice served on Edward S. Robert, on the twenty-third day of April, 1900, corresponding in all respects to the notice attached to his lien paper and made a part of it. The case is here on abstracts of the record. The appellant's abstract of the evidence is as follows:

"There was evidence tending to show the work that was done, the character of the work, the contracts between Joseph O'Shea and Zeller & Walker for the excavation of the premises in question, and the employment by Joseph O'Shea of Patrick O'Shea to do portions of said work, and the amount that was due the plaintiff, Patrick O'Shea, for the work he had so performed.

"There was also evidence tending to show that defendant Robert's architect and superintendent, Mr. Wray, accepted and approved Joseph O'Shea's bid for doing the excavating, and that the contractors, Zeller & Walker, employed Joseph O'Shea to do said work under said contract. And that the plaintiff was employed by said Joseph O'Shea to do part of such excavating. And that he did such work as per agreement at so much an hour and that this work amounted to and was of the value of $86.25, of which he was paid $6.25, leaving due and unpaid plaintiff the sum of $80, for which this suit was brought; that there remained unpaid and due plaintiff from defendant, Joseph O'Shea, the sum of $80."

Respondent filed an additional abstract of the evidence which is as follows:

"Plaintiff, Patrick O'Shea, testified on cross-examination that he paid for the licenses for the teams that did the hauling; afterward that the teams had no licenses; that he did not do the work himself, but hired other men to do it; that he was engaged by defendant, Joseph O'Shea, at a stipulated wage of $3 per day."

Defendant, Joseph O'Shea, testified on cross-examination that he was a defendant; that the plaintiff, Patrick O'Shea, was his brother; that he appeared as a witness for the plaintiff without a subpoena, and testified voluntarily for the plaintiff; that he hired the plaintiff, Patrick, at a stipulated wage of $3 per day; that he employed the plaintiff as a foreman; that he intended to pay the plaintiff out of the money recovered in this suit; that he had not completed his contract with Zeller & Walker; that he had hauled away and sold earth from the building which under his contract he was to leave there; that he had money to pay the plaintiff but was going to let him recover it in this suit; that he had served a notice upon the owner for a lien for $50 for excavating on the premises in question, but had never pursued the matter further.

### DEFENDANTS' EVIDENCE.

"Joseph Moran, Thomas Ryan and William Herr testified that they heard the plaintiff tell the defendant, Zeller, that he, the plaintiff, had been paid in full for himself and his teams up to and including March 24, 1900; that William Herr testified that defendant, Joseph O'Shea, gave him an order on Zeller and Walker for more than was due him.

"The defendant, Zeller, testified that the plaintiff had stated to him that he had been paid in full for himself and his teams up to and including March 24, 1900; that Joseph O'Shea had not completed the work according to the contract; that both Joseph and Patrick O'Shea had hauled away and sold earth which, under the contract, should have been left at

the building; that Patrick's name appeared on Joseph's payroll as a foreman; that he had to pay over $100 extra to complete the work Joseph had contracted to do and failed to do."

The court entered personal judgment for eighty-five dollars against Joseph O'Shea and found the issues for the other defendants and entered judgment denying a lien. In due time plaintiff filed his motion for new trial which was by the court overruled, whereupon plaintiff appealed.

*C. J. Macauley* and *E. T. Farish* for appellant.

(1) "If the statement and affidavit taken together contain everything required by the statute, or if the account filed is such as to apprise the owners of the terms of the contract between plaintiff and the contractor, it will be sufficiently specific." Steininger v. Raeman, 28 Mo. App. 594; Phillips on Mechanics' Liens (3 Ed.), p. 627; Mitchell Planing Mill Co. v. Allison, 138 Mo. 50; Koken Iron Works Co. v. Railroad, 141 Mo. 232; Peoples Lumber Co. v. Hays, 75 Mo. App. 516; Hilker v. Franciscus, 65 Mo. 598. (2) "Where the contract is for the performance of labor on defendant's building at so much per hour, an account filed with the lien claim which shows the number and dates of the hours worked without describing the particular kind of work, is sufficient." Steininger v. Raeman, 28 Mo. App. 594; Phillips on Mechanics' Liens (3 Ed.), p. 627. "The statute makes no distinction between original contractors and subcontractors as to the account that is to be filed." Mitchell Planing Mill Co. v. Allison, 138 Mo. 55; Rude v. Mitchell, 97 Mo. 374. (3) "The affidavit and other parts of the lien paper may be considered along with the account itself in ascertaining the sufficiency of the latter." Mitchell Planing Mill Co. v. Allison, 138 Mo. 55; Ittner v. Hughes, 133 Mo. 691; People's Lumber Co. v. Hays, 75 Mo. App. 516; Hayden v. Wulfing, 19 Mo. App. 353.

*Douglas W. Robert* for respondents Zeller, Walker and Robert.

(1) The court did not err in sustaining the objection to the admission of the lien account in evidence. It was not a "just and true account," as contemplated by the statute. Mitchell Co. v. Allison, 138 Mo. 50; Grace v. Nesbit, 109 Mo. 9; Rude v. Mitchell, 97 Mo. 365; Cahill v. School, 63 Mo. App. 28; Foster v. Wulfing, 20 Mo. App. 85.    (2) (a) Where the issues are tried by the court sitting as a jury and no instructions or declarations of law are asked or given by the court, no errors are presented to the appellate court for review. Sweitzer v. Allen, 76 Mo. App. 1; Rice, Stix & Co. v. McClure, 74 Mo. App. 383; Riffe v. Railroad, 72 Mo. App. 222; Ins. Co. v. Stone, 42 Mo. App. 383.    (b) No errors are assigned in appellant's brief Rule 13.    (c) But the respondent may show in the appellate court that the judgment in his favor was rightfully rendered, though he asked no instructions or declarations of law. Tyler v. Larimore, 19 Mo. App. 445.    (3) In no event could the plaintiff recover against the respondents and have his lien for:    (a) The petition showed on its face that the notice was served seven days before the claim accrued. There was nothing due and no demand could have been made March 23, for the lien does not commence until the completion of the work (March 30). McAdow v. Sturtevant, 41 Mo. App. 220; R. S. 1899, sec. 4210.    And as the service of the notice in proper time is an essential step to give the justice of the peace jurisdiction, it must appear on the face of the proceedings. Heimburger v. Harrison, 83 Mo. App. 544; Seaman v. Paddock, 51 Mo. App. 465; Ewing v. Donnelly, 20 Mo. App. 6; Fay v. Adams, 8 Mo. App. 566.

BLAND, P. J.—I. It is not everything that may be included in a building for which the statute gives a mechanic's lien. It is necessary, therefore, that the character of the

work or material furnished be stated in the lien account, or that it be somewhere found in the papers filed with the intention of charging the property with the lien. Sec. 4207, R. S. 1899; Rude v. Mitchell, 97 Mo. 365; Cahill, Collins & Co. v. Orphan School, 63 Mo. App. 28.

Neither the account filed nor the declaration for the lien gives any intimation of the purpose of the excavating work alleged to have been done and for this reason are insufficient. But the lien declaration gives notice that the notice of the intention to file a lien is attached to and made a part of the declaration, and this notice was attached to and filed with the lien and describes the character of the work and where done and supplies the omission to characterize the work in the lien account. The mechanic's lien statute is a remedial one and should be liberally construed, is the settled law of this State. Mitchell Planing Co. v. Allison, 138 Mo. 50; Walden v. Robertson, 120 Mo. 1. c. 43; Putnam v. Ross, 46 Mo. 337; De Witt v. Smith, 63 Mo. 263; Bruns v. Braun, 35 Mo. App. 1. c. 343; Steininger v. Raeman, 28 Mo. App. 594. To correctly apply this rule of construction to the case in hand, we think that the notice should be held to have formed a part of the lien paper. It was evidently the intention of the plaintiff to make it a part of his declaration for a lien, for he calls attention to the fact in his declaration that the notice had been given and that it was attached to, and made a part of his declaration for a lien. Anyone who should read the declaration would have his attention called to the notice as forming a part of the declaration, and finding the notice attached to the declaration, if he desired to be fully informed of all the facts upon which plaintiff relied to establish his lien, would read the notice from which he would learn of the character of the work and that it was lienable. We think the notice should be treated as a part of the declaration for the lien. If this is done then the declaration contains every statement of facts essential to plaintiff's right to a lien.

II.    Plaintiff's abstract of the evidence does not purport to set out any of the evidence but states only that the evidence tended to prove the following facts, to-wit: the character of the work, the contract between Zeller & Walker of the one part and Joseph O'Shea of the other, and the contract between Joseph O'Shea and plaintiff, and that plaintiff did the work, its value and the balance due.    Defendants in their abstract of the evidence, which is not objected to by the plaintiff and therefore stands admitted to be correct (section 813, R. S. 1899), set forth that plaintiff testified that he did not do the work himself but hired men to do it, and that he was engaged by defendant Joseph O'Shea, his brother, at a stipulated wage of three dollars per day, and that he employed him as a foreman.    We have, therefore, for the plaintiff, the general statement that the evidence tended to prove his case, and we have for defendants the specific evidence from the plaintiff and from his witness that plaintiff was employed by his brother, Joseph O'Shea, as a foreman at three dollars per day.

The account sued on and set out in the declaration for a lien is for team work.    Evidence that Patrick O'Shea was hired by Joseph O'Shea at three dollars per day to superintend team work does not prove or tend to prove that Patrick O'Shea excavated a cellar under a contract made with Joseph. There is nothing in either of the abstracts to indicate that Edward S. Robert was the owner of the land described in the petition and lien account or that Zeller & Walker at any time contracted with Robert for the erection of a dwelling-house, as alleged.    There was, therefore, a failure of proof of facts essential to entitle plaintiff to enforce his mechanic's lien and the error in excluding the lien paper was not prejudicial, as plaintiff by his evidence, failed to prove every other fact necessary to establish his right to a mechanic's lien on the property described.

The judgment is affirmed.    Judges *Barclay* and *Goode* concur.